# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STAN LABER,

        Plaintiff,

v.                                                                    Case No. 18-1351-JWB

UNITED STATES DEPARTMENT
OF DEFENSE,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant United States Department of Defense's motion to dismiss Plaintiff's constitutional claims and to strike Plaintiff's jury trial demand. (Doc. 19.) The motion has been fully briefed and is ripe for decision. (Docs. 20, 22, 23.) Defendant's motion is GRANTED for the reasons herein.

## Analysis

Plaintiff's 71-page amended complaint against Defendant asserts 31 discrete failure-to-hire claims. (Doc. 15.) Plaintiff is a retired federal employee who alleges that he has applied for multiple positions but was rejected in violation of federal law. Plaintiff's claims allege unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621, *et seq*.

<u>Constitutional Violation</u>. In addition to providing specific details regarding each position applied for, Plaintiff generally states that "Defendant, as part of a continuing violation of Plaintiff's due process rights under the fifth and fourteenth [amendments], serially and

systemically failed to treat Plaintiff fairly, equitably, and reasonably." (Doc. 15 at 6.) Defendant moves for dismissal of any claim under the Fifth and Fourteenth Amendments on the basis that the government has not waived its sovereign immunity and that Title VII and the ADEA are the exclusive remedies for the acts complained of in the amended complaint. (Doc. 20 at 3.) Defendant's arguments are a correct statement of the law. *See Hattrup v. Internal Revenue Serv.*, No. 17-4083-DDC-JPO, 2018 WL 3207911, at *5 (D. Kan. June 29, 2018) (dismissing claims under the Fifth and Fourteenth Amendments).

In response, Plaintiff asserts that he is not citing the amendments as separate claims for relief. (Doc. 22 at 2.) Due to the Defendant's sovereign immunity, Defendant's motion to dismiss any claim under these amendments is granted.

<u>Jury Trial</u>. Defendant also moves the court to strike Plaintiff's request for a jury trial with respect to his claims under the ADEA. The Supreme Court has held that the ADEA does not provide a right to a jury trial against the federal government. *Lehman v. Nakshian*, 453 U.S. 156, 168 (1981); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 357 (2013) ("the federal-employment provisions of the ADEA, 29 U.S.C. § 633a," do not provide for a jury trial right.) In response, Plaintiff asserts that he has such a right and cites to *Lorillard v. Pons*, 434 U.S. 575 (1978). That case, however, was decided prior to Lehman and involved a private employer, not the federal government. Therefore, it has no bearing on this case.

Defendant's motion to strike the jury trial demand on Plaintiff's claims under the ADEA is granted.

## **Conclusion**

Defendant's motion to dismiss Plaintiff's constitutional claims and to strike Plaintiff's jury trial demand (Doc. 19) is GRANTED.

IT IS SO ORDERED.

                                      ___s/ John W. Broomes_____
                                      JOHN W. BROOMES
                                      UNITED STATES DISTRICT JUDGE