UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STAN LABER, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | )   Case No. 18-1351-JWB-GEB |
| | ) |
| UNITED STATES DEPARTMENT OF DEFENSE, | ) ) |
| | ) |
|       Defendant. | ) |
| | ) |

## ORDER ON PRODUCTION OF TAX RETURNS

On August 13, 2020, the Court held a discovery conference at the parties' request. (*See* Order, ECF No. 86.) During that conference, the Court permitted Plaintiff Stan Laber to produce his tax returns and tax summary documents to the undersigned for in camera review. The Court could then determine whether the summary documents are sufficient to respond to Defendant's Request for Production No. 280, or whether Plaintiff's income tax returns must be provided.

As requested, Plaintiff provided a number of tax documents to the undersigned, including IRS transcripts of various types for the years 2014-2019; full tax returns with proposed redactions for the same years; and Social Security (SSA) and annuity information for 2014-2019. Plaintiff opposes providing his tax returns and providing any personally-identifying information or wage information for his wife. Plaintiff agrees to the production of: 1) all the IRS transcripts, with proposed redactions to obscure spousal SSA and annuity information, from 2014-2019 and 2) the combined SSA and Annuity documents as provided. He contends spousal information should be redacted from either the returns or

the transcripts, whichever the Court determines should be produced. But he agrees the combined unredacted SSA and annuity documents either has been, or will be, produced to Defendant.

The standard for production of tax returns is well-established in this District. Generally, courts do not favor compelling the production of tax returns. However, there is no absolute privilege which prevents their discovery, and "this district applies a two-pronged test 'to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.'"[1]

> First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.[2]

During the August 13, 2020 hearing, the Court determined the information regarding Plaintiff's spouse's income is not relevant to the claims or defenses and is not discoverable.[3] However, the Court found Plaintiff's income information to be relevant to the relief sought in his Complaint, including back pay, front pay, and other damages, which satisfies the first prong of the test. Specifically, the Court found Plaintiff's income to be

---

[1] *McDaniel v. Allstate Ins. Co.*, No. 17-2427-JAR-GEB, 2018 WL 2926482, at *2 (D. Kan. June 11, 2018) (internal citations omitted).
[2] *Stephenson v. Young*, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *3 (D. Kan. Nov. 29, 2010) (citing *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D.Kan.1997)).
[3] *See McDaniel*, 2018 WL 2926482, at *3 (the Court found the spouse's income not to be relevant to the case, and the suggested basis for its discovery was "pure speculation.")

relevant for the time period of 2014 (the year of his first application for employment with Defendant) to present.

Finding Plaintiff's income to be relevant, the Court turns to the second prong of review—whether other sources exist from which the income information is readily obtainable. Plaintiff produced to the Court for in camera review both his IRS transcripts and his tax returns for comparison of the information contained therein. After review, the Court finds the alternate sources produced by Plaintiff to be incomplete sources of his income information. Although the transcripts clearly provide some necessary information, they do not provide a full picture of Plaintiff's income. For example, the Wage and Income transcripts omit certain schedules contained within the full return, and various abbreviations of entities and account names contained within the transcripts will leave Defendants with questions regarding sources of income—questions which are readily answered by the tax returns in their complete form.

Because the Court finds Plaintiff has not met his burden to demonstrate the sufficiency of the alternate sources of income information, Plaintiff is required to produce to Defendants his tax returns from the years 2014 – present. Although his wife's income is included in the returns, this is not enough to prohibit their production. Plaintiff is permitted to redact information in the returns which are personal to his wife (personally-identifying information and her income information). The tax returns will be produced pursuant to the Protective Order (ECF No. 27) and all financial information should be marked confidential.

**IT IS THEREFORE ORDERED** that Plaintiff is to produce his tax returns from 2014-present to Defendants no later than **September 1, 2020**.  Plaintiff may redact his spouse's personally-identifying information and her income from said returns.  Plaintiff must also ensure his combined unredacted SSA and annuity documents are also produced by the same date.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 24th day of August, 2020.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge
