IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

    Plaintiff,

v.                     Case No. 18-1351-JWB

UNITED STATES DEPARTMENT
OF DEFENSE,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for summary judgment on thirteen discrete claims. (Doc. 37.) The motion is fully briefed and is ripe for review. (Docs. 41, 47, 53.) For the reasons stated herein, the motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

**I. Facts and Procedural History**

The court initially notes that Plaintiff is proceeding pro se and that the record reflects that he was provided with a notice regarding the motion for summary judgment in accordance with this court's local rules. (Doc. 39.) In keeping with the standards governing summary judgment, the following statement of facts views the evidence, and all reasonable inferences therefrom, in the light most favorable to Plaintiff, the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (evidence is viewed in the light most favorable to the non-moving party because credibility determinations, weighing conflicting evidence, and drawing appropriate inferences are jury rather than judge functions).

This action is based on thirty-one discrete failure-to-hire claims. For each discrete act of failure to hire, Plaintiff has asserted claims alleging race, sex, and age discrimination and retaliation in violation of 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Essentially, Plaintiff applied for various positions with Defendant, United States Department of Defense, that were posted on the USA Jobs website. Defendant's motion for summary judgment on thirteen of the thirty-one claims is based on a failure to exhaust. Therefore, the facts contained herein are largely a timeline of the events pertaining to the thirteen claims at issue.

In July 2014, Plaintiff applied for vacancy announcement number SWH814P61377991159967 ("position 17").[1] On August 8, 2014, Plaintiff was notified that he was not selected for position 17. (Docs. 15 at 48; 41, Exh. D, Att. 1.)[2] On August 22, Plaintiff was notified that he was not selected for vacancy announcement number SWH814EHA0458991136062 ("position 4"), which he had applied for several weeks earlier. (Docs. 15 at 34; 41, Exh. C, Att. 1.) On or about September 30, 2014, Plaintiff was notified by email that he was not selected for vacancy announcement number SWH814P41703611179076

---

[1] Those position postings include an announcement number. Because the announcement number for each position includes up to 26 characters of a combination of letters and numbers, the court will refer to the position number of the vacancy after initially referencing the announcement number for each position. The position number correlates to the claim number in the amended complaint.

[2] Plaintiff attempts to controvert this fact by citing to his declaration. (Doc. 47 at 3-4.) In that declaration, Plaintiff asserts that the exhibits do not provide support for the contention that an email was sent on August 8, 2014. Plaintiff contends that his application page on the website shows that the status for his application was "reviewed" as of December 1, 2016. Plaintiff does not, however, assert that he did not receive an email. Although Plaintiff contends in his brief that he did not become aware of the disposition until October 26, 2014, the paragraph cited in his declaration references other positions and not position 17. Moreover, it is significant that Plaintiff had initially alleged in his amended complaint that he was notified on August 8, 2014 of his non-selection for this position. Also, Defendant attached a declaration by Leslie Davis, a Supervisory Human Resource Specialist, who has declared that Plaintiff was notified by email on August 8, 2014. The exhibit attached to the declaration shows the date the email was sent and the contents of the email. Therefore, Plaintiff has not shown that there is a genuine dispute regarding this fact.

("position 14").[3] (Docs. 15 at 45; 41, Exh. D, Att. 2.) On or about October 1, 2014, Plaintiff was notified that he was not selected for vacancy announcement number SWH814P6EHA1419551181108 ("position 22").[4] (Docs. 15 at 53; 41, Exh. D, Att. 3.) Defendant contends that Plaintiff was notified by email that he was not selected for vacancy announcement number SWH814P6EHA1436321174634 ("position 23") on or about October 16, 2014. (Docs. 41, Exh. C, Att. 17 at LABER-00003907-09 and Exh. D, Att. 4.) Plaintiff disputes this date and claims that he received a different notice on December 15, 2014, that amended a previous notice. In his declaration, Plaintiff provides two different dates, October 26, 2014 or January 26, 2015, and it is not clear which date Plaintiff declares is the date he learned the status of position 23. (Doc. 47 at 6-7.) Reviewing the formal complaint and the amended complaint in this matter, Plaintiff has previously asserted that he learned of his non-selection on December 15, 2014. (Docs. 15 at 54; 41, Exh. C, Att. 21 at LABER-00005192.) His formal complaint also states that Harris provided him with additional information regarding certain positions. That additional information uses the date of October 16, 2014. (Doc. 41, Exh. C, Att. 21 at LABER-00005193.) Notably, the Defense Contract Management Agency Equal Employment Opportunity Office ("DCMA EEO Office") utilized the December 15, 2014, date when issuing its decision on this matter. (Doc. 41,

---

[3] Plaintiff attempts to controvert this fact by citing to his declaration which states that he received an email on October 30, 2014, regarding the status of the position. Plaintiff attached the email to his declaration. Although he received an email on October 30, the attachment shows that he also received an email on September 30 stating that he was not selected for position 14. (Doc. 47, att. 2.)

[4] Plaintiff again attempts to controvert this fact by his declaration. In his declaration, he states that he became aware of the fact of his non-selection on October 26, 2014. Plaintiff, however, offers no additional evidence in support of this position. The exhibits cited by Defendant show that he was notified on October 1, 2014. Moreover, Plaintiff's amended complaint alleges that he was notified on October 1, 2014. (Doc. 15 at 53.) Plaintiff cannot attempt to create a dispute of fact solely by a declaration when the record and his previous admission clearly support Defendant's statement of fact. *See Grynberg v. Bar S Servs., Inc*., 527 F. App'x 736, 739 (10th Cir. 2013) (judicial admissions in pleadings are binding); *Thomson v. Salt Lake Cnty*., 584 F.3d 1304, 1312 (10th Cir. 2009) (cannot controvert fact that is not supported by evidence when record blatantly contradicts plaintiff's version of the fact). Any further attempts by Plaintiff to create a dispute by his declaration when the record and his amended complaint state otherwise are not sufficient to create a genuine dispute and the fact is deemed admitted.

Exh. C, Att. 29 at LABER-002306.)  Therefore, the court finds that the date of notification as to position 23 is in dispute.

On December 9, 2014, Plaintiff emailed the DCMA EEO Office because he believed that he was not selected for various positions due to discrimination.  On December 10, Constance Goodwin, EEO Complaints Manager, emailed Plaintiff to set up an appointment on December 12.  Plaintiff was also provided with a document regarding complaint processing procedures.  After the appointment, Plaintiff submitted a spreadsheet to Goodwin that contained information on 29 separate applications.  The spreadsheet included columns titled "Last Apply," "Last Status Up[date]," and "Status."  (Doc. 41, Exh. C, Att. 6.)  Plaintiff also noted that "For all those where the status has not been updated, I assume I was not selected."  *Id.*

On January 14, 2015, EEO Counselor Richard Harris notified Plaintiff that Harris had been assigned as his EEO Counselor.  Plaintiff asked which "vacancies you were assigned[?]" (*Id.* at Att. 10.)  Harris told Plaintiff that he was "tracking six" non-selections.  (*Id.*)   On January 16, 2015, Harris asked Plaintiff for information on the six non-selections, including Plaintiff's supporting documentation that address the non-selections.  (*Id.* at Att. 12.)  On January 21, Harris sent a follow up email asking for the same information.  (*Id.* at Att. 13.)  On January 23, Plaintiff sent Harris an email stating that he had been sick.  Plaintiff then submitted information with respect to the six non-selections and also requested the addition of a seventh non-selection.  On January 26, 2015, Plaintiff was notified that he had failed to submit his certification of rights and responsibilities form.  (*Id.* at Att. 18.)

On February 10, 2015, Plaintiff was issued a notice of right to file a formal complaint (the "notice") after the DCMA EEO Office did not receive a signed copy of his rights and responsibilities form.  (*Id.* at Att. 19.) The notice identified the following seven incidents of non-

4

selection: SWH814EHA4149481271532 ("position 9"); SWH814P73154221245352 ("position 26"); SWH814P6EHA1510901197316 ("position 24"); position 4; position 14; position 22; and position 23. The letter stated that the "formal complaint must specify the claim(s) and the basis(es) of the complaint discussed during the counseling session(s)…You may only raise the claim(s) and incident(s) discussed, or like or related to those discussed, during counseling." *Id.* Harris sent a follow up email on February 23 and stated that if Plaintiff elected to file a formal complaint that he must "identify all of your concerns regarding non-selections/referrals on that application." (*Id.* at Att. 20, p. 1.)

On February 27, Plaintiff filed his formal complaint. Plaintiff included twenty-five non-selections in his complaint. The first seven non-selections listed were the ones set forth in the notice. (*Id.* at Att. 21, p. 1-2 of attachment to formal complaint.) Plaintiff then listed two non-selections for which he sought counseling in February 2015. Finally, Plaintiff listed fifteen "additional non-selections or non-considerations which I brought to the attention of the EEO office in December 2014 but were not counseled." (*Id.* at 3.) These additional fifteen non-selections had been listed on Plaintiff's spreadsheet but not on the notice. Plaintiff's formal complaint did not include any allegations regarding vacancy announcements SWH814EHA4065161260912 ("position 8") or position 17. Harris's counselor's report stated that Plaintiff was issued his notice after failing to provide the requested information. (*Id.* at Att. 22.) Harris indicates that he only reviewed documents pertaining to the seven positions on the notice.

On March 2, Harris emailed Plaintiff regarding the status of several non-selections. Harris stated that Plaintiff's formal complaint identified several positions as to which Plaintiff had not yet received a response as to selection. Harris informed Plaintiff that they "will have to wait until you are notified on your status in order to proceed with" the following positions:

5

SWH813P6EE4770901076589R2 ("position 1"); SWH8149YEHA3385731204424 ("position 2"); SWH814EEEHA4163821271187 ("position 3"); SWH814EHA3923661270260 ("position 6"); SWH814EHA4293661275778 ("position 10"); SWH814EHA4294541275650 ("position 11"); SWH814P44028791264857 ("position 15"); SWH814P60368931139189 ("position 16"); SWH814P62954451226646 ("position 18"); SWH814P6EHA2994621215494 ("position 25"); and SWH814P83037751225507 ("position 27"). (*Id.* at Att. 23.)  Plaintiff responded to Harris by stating that he understood Harris's "argument but they are so old, the certificates of referral have certainly expired." (*Id.* at Att. 24.)  Additionally, Plaintiff stated that he was notified on March 1 that he was not selected for position 2.  In response, Harris acknowledged the notice date for position 2 and asked for the notifications for all of the positions that he submitted to the DCMA EEO Office.  Harris stated that the office will not proceed with the investigation on any positions for which he has not received final word and encouraged Plaintiff to contact the person listed on the job announcements. (*Id.* at Att. 25.)  On March 7, Plaintiff was notified of non-selection for position 15. (*Id.* at Att. 26.)

On March 12, Clinton Covert, Acting Director of the DCMA EEO Office, issued a letter ("Acceptance Letter") regarding Plaintiff's discrimination complaint. (*Id.* at Att. 27.)  In the Acceptance Letter, Plaintiff was notified that three claims were dismissed for untimely EEO Counselor contact.  Those claims were for positions 4, 14, and 22.  Plaintiff was further notified that twelve specifically identified claims were accepted for investigation.  The following lists the claims accepted and the date listed by DCMA EEO Office in the Acceptance Letter as the date Plaintiff was notified of non-selection for each claim: position 2 (March 1, 2015); SWH814EHA3492621236403 ("position 5")(February 2, 2015); SWH814EHA4045651268773

6

("position 7") (February 23, 2015); position 9 (January 2015)[5]; SWH814P31914791196942 ("position 13") (November 22, 2014); position 15 (March 7, 2015); SWH814P63363521260556 ("position 19") (February 9, 2015); HRQRSWH814P63709691254693 ("position 20") (November 26, 2014); position 23 (December 15, 2014); position 24 (October 29, 2014); position 26 (December 9, 2014)[6]; and SWH814PH3899701256979 ("position 28") (January 30, 2015).

Plaintiff's formal complaint included additional claims that did not identify the date Plaintiff became aware that he was not selected for the position. Those claims were not identified as being accepted for investigation in the Acceptance Letter. They include the following positions: 1; 3; 10; 11; 16; 18; and 25. Plaintiff was informed that if he believed "the claims in this complaint have not been correctly identified, please notify this office, in writing, within 5 calendar days after you receive this letter, and specify why you believe the claims have not been correctly identified. If you fail to contact this office, I will conclude you agree that the claims have been properly identified above." (Doc. 41, Exh. C, Att. 27 at LABER-00005183.) Plaintiff did not contact the DCMA EEO Office regarding whether the claims were incorrectly identified. The Acceptance Letter also informed Plaintiff of his right to amend the formal complaint. Plaintiff was notified that his complaint was amended on March 25, April 9, May 21, July 2 and 31, 2015.[7] Based on those amendments, Covert notified Plaintiff that his complaint was being amended to add several

---

[5] Defendant's statement of facts lists January 29, 2015, as the date of notice of nonselection. Plaintiff disputes this and states that it is January 27. The exhibit cited by Defendant, Plaintiff's formal complaint, states that he received an email of nonselection on January 8, 2015. (Doc. 41, Exh. C, Att. 21, LABER-00005192.)

[6] Although the Acceptance Letter states the date Plaintiff became aware of this non-selection was December 9, 2014, the exhibits and the parties' briefs state that the date was January 8, 2015. (Docs. 15 at 60; 41 at 11; 47 at 23.)

[7] Plaintiff disputes the characterization that he instigated the amendments. (Doc. 47 at 26-27.) Based on the review of the exhibits, Plaintiff clearly contacted the DCMA EEO Office to provide them with additional instances of alleged discrimination and dates that he was notified of nonselection for different purposes. Plaintiff was notified that the DCMA EEO Office was interpreting those emails as requests to amend his formal complaint. (Doc. 41, Exh. C, Att. 28.)

7

additional claims that will be investigated by the DCMA EEO Office, including claims for positions 6 and 27.

The Department of Defense Civilian Personnel Advisory Service Investigations and Resolutions Directorate investigated the claims identified in the Acceptance Letter and the subsequent amendments on behalf of the DCMA EEO Office. A final agency decision ("FAD") was issued on November 30, 2015. In the FAD, Linda Galimore, Director of the DCMA EEO Office approved the dismissal of the claims regarding positions 4, 14, and 22 for untimely counselor contact. (*Id.* at Att. 29.) As to the remaining claims identified in the Acceptance Letter and the subsequent amendments by the DCMA EEO Office, the FAD determined that Plaintiff was not discriminated against or retaliated against. The FAD did not address any allegations with respect to the following positions: 1; 3; 8; 10; 11; 16; 17; 18; and 25.[8]

Defendant now moves to dismiss claims 1, 3, 4, 8, 10, 11, 14, 16, 17, 18, 22, 23, and 25. Defendant argues that Plaintiff failed to exhaust these claims by abandoning some claims prior to final agency action, not including claims in his formal complaint, and failing to comply with the 45-day deadline to contact a counselor.

## II. Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Sotunde v. Safeway, Inc.*, 716 F. App'x 758, 761 (10th Cir. 2017). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.

---

[8] Plaintiff's claims regarding positions 8 and 17 were not included in his formal complaint.

8

*Thom v. Bristol—Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Id.* Any statement of fact that has not been controverted by Plaintiff's affidavit or an exhibit is deemed to be admitted. D. Kan. Rule 7.4. Also, the court will only consider facts based on personal knowledge or supported by the exhibits. Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### III. Analysis

Prior to bringing a claim under Title VII or the ADEA, Plaintiff must exhaust administrative remedies. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309, 1311 (10th Cir. 2005). Federal regulations provide requirements for administrative exhaustion with respect to aggrieved persons, including applicants, who allege employment discrimination by federal agencies. 29 C.F.R. §§ 1614.103, 1614.105(a). These individuals first "must consult [an Equal Employment Office (EEO)] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Such claims must be presented informally within 45 days of the alleged discriminatory action to the employing agency. *Id.* A claim of refusing to hire accrues when the decision "is first announced to the plaintiff." *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177 (10th Cir. 2011). If a decision isn't announced, a court may "revert to asking when the plaintiff did or a reasonable employee would have known of the employer's decision." *Id.*

9

After attempting to resolve the claim informally, a claimant must file a formal charge with the agency's EEO office before filing a civil action. 29 C.F.R. § 1614.106; *Mayberry v. E.P.A.*, 366 F. App'x 907, 912 (10th Cir. 2010).[9] The agency then conducts an investigation and issues a decision. After the decision, an employee may proceed with filing suit in the district court. 29 C.F.R. § 1614.110.

## A. Claims 8 and 17

Defendant moves for summary judgment on claims 8 and 17 on the basis that Plaintiff failed to exhaust those claims because they were not included in his formal complaint. Plaintiff bears the burden of establishing exhaustion. *Mayberry v. Johnson*, No. 06-2575-CM, 2008 WL 4304979, at *3 (D. Kan. Sept. 18, 2008), *aff'd sub nom. Mayberry v. E.P.A.*, 366 F. App'x 907 (10th Cir. 2010). In order to fully exhaust his claims, Plaintiff must file an informal complaint with a counselor and file a formal complaint with the DCMA EEO Office. *Id.*

With respect to claims 8 and 17, pertaining to positions 8 and 17, Plaintiff admits that he omitted those two claims from his formal complaint. Those positions, however, were listed in the spreadsheet that he submitted during the informal complaint process. Plaintiff urges the court to overlook this omission as it was due to a cut and paste error. Plaintiff, however, fails to cite any authority that would allow the court to excuse exhaustion due to a typographical error. In any event, the claims reviewed by the DCMA EEO Office were amended several times. Plaintiff offers no reason as to why he did not notice the omission of these claims during that process. Plaintiff also asserts that Defendant is at fault because the claims were not identified by Harris during the

---

[9] The ADEA provides an alternative route for pursuing an age discrimination claim. "An employee may bring the action directly to federal district court in the first instance, so long as the employee gives the EEOC notice of intent to sue within 180 days of the alleged discriminatory act and then waits thirty days before filing the action." *Jones v. Runyon*, 32 F.3d 1454, 1455 (10th Cir. 1994) (citing 29 U.S.C. § 633a(d)). This alternative route is not available to Title VII claims. There is no evidence in the record that Plaintiff made an attempt to proceed under the alternative route.

informal process. Essentially, Plaintiff argues that Harris should have identified all the claims in the informal process and that Harris actively deceived Plaintiff. Plaintiff fails to cite the record to establish any alleged deception by Harris. As demonstrated by the facts, Plaintiff was provided with guidance regarding the complaint process and was told to identify all concerns regarding his claims. As discussed, Plaintiff did continue to provide updated information to Harris which resulted in the claims being expanded.

Because Plaintiff failed to include claims 8 and 17 in his formal complaint to the DCMA EEO Office, he did not sufficiently exhaust those claims as required by the regulations. *Mayberry v. E.P.A.*, 366 F. App'x 907, 912 (10th Cir. 2010); *Dimsdale v. Peters*, 217 F. App'x 743, 745 (10th Cir. 2007). Therefore, Defendant's motion for summary judgment on claims 8 and 17 is granted.[10]

### B. Claims 4, 14, 22, and 23

Defendant moves for summary judgment on claims 4, 14, 22, and 23, on the basis that Plaintiff failed to initiate contact with an EEO Counselor within 45 days of the alleged discriminatory acts. Plaintiff contends that he did make contact within 45 days of the alleged discriminatory acts based on his declaration regarding the dates of notification of non-selection and, alternatively, that the dates should be tolled due to Defendant's conduct.

With respect to claim 23, the court determined that the date of notice is in dispute. Although Defendant contends that the date of notice was October 16, that date is in dispute and there is documentation in the record regarding different dates. The alternative dates are much later than October 16. Therefore, if a later date is determined to be the date that Plaintiff was notified of his non-selection, Plaintiff's initial contact with the EEO Counselor was timely. Defendant's motion for summary judgment on claim 23 is denied.

---

[10] The court alternatively holds that claim 17 was not exhausted as Plaintiff did not timely contact his EEO Counselor within 45 days of the notice of non-selection.

Turning to claims 4, 14, and 22, those claims were dismissed by the DCMA EEO Office in the FAD for failing to initiate timely contact with the EEO Counselor. As to claim 4, Plaintiff was notified that he was not selected on August 22, approximately 109 days before his contact with the EEO Counselor. As to claim 14, Plaintiff was notified that he was not selected on September 30, approximately 71 days before his contact with the EEO Counselor. As to claim 22, Plaintiff was notified that he was not selected on October 1, approximately 70 days before his contact with the EEO Counselor.

For all three claims, Plaintiff clearly contacted the EEO Counselor to make his informal complaint outside of the 45-day requirement. Plaintiff argues that the deadline should be tolled because Defendant misled him and failed to comply with the pre-counseling period timeframe. The 45-day deadline can be equitably tolled, but Plaintiff bears the burden to prove that it should be tolled. *Thompson v. Wilkie,* No. 18-4046-SAC, 2018 WL 5281609, at \*3 (D. Kan. Oct. 24, 2018) (citing *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002)). "The Tenth Circuit has generally recognized equitable tolling of such time limitations only when there has been a showing of active deception." *Id.* (citing *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)); *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir. 1991)("'[I]n this circuit, a Title VII time limit will be tolled only if there has been 'active deception' of the claimant regarding procedural prerequisites.") (citations omitted). Equitable tolling can be appropriate if a plaintiff has been lulled into inaction by the employer's intentional acts that causes the delay of filing a charge. *Id.*

Plaintiff argues that the Acceptance Letter failed to quote the entire regulation regarding the deadline, 29 C.F.R. § 1614.107(a)(2), and did not comply with the pre-counseling period timeframe in 29 C.F.R. § 1614.105(d). (Doc. 47 at 33-34.) As pointed out by Defendant, these

12

alleged deceptive actions occurred after the passage of the 45-day time limit. Therefore, any alleged deceptive conduct did not result in Plaintiff missing the deadline. Plaintiff does not explain how such conduct resulted in him failing to meet the 45-day deadline. *See Hickey v. Brennan*, 969 F.3d 1113, 1122 (10th Cir. 2020).

Moreover, although the DCMA EEO Office can extend deadlines in certain circumstances, including when an employee is unaware of the deadline, such is not the case here. *See* 29 C.F.R. § 1614.107(a)(2). Plaintiff's amended complaint alleges that he has complied with the 45-day deadline. (Doc. 15 at 11) ("Plaintiff consulted with a DCMA Equal Employment Office (EEO) Counselor within 45 days of becoming aware that discrimination had occurred in regard to each claim in order to try to informally resolve each matter per 29 C.F.R. § 1614.105(a).") Plaintiff has not alleged that he was unaware of the deadline nor has he alleged that the deadline should be tolled due to Defendant's deception. Nor has Plaintiff offered any other reason that would support the tolling of the deadline. Therefore, Plaintiff has not established that he meets the qualifying circumstances in the regulation. *See Hickey*, 969 F.3d at 1122.

Because Plaintiff failed to contact an EEO Counselor within 45-days of his knowledge of non-selection, Defendant's motion for summary judgment on claims 4, 14, and 22, is granted.

### C.  Claims 1, 3, 10, 11, 16, 18, and 25

Defendant moves for summary judgment on claims 1, 3, 10, 11, 16, 18, and 25, in the amended complaint on the basis that these claims were abandoned. Although Plaintiff included these claims in his formal complaint, they were not listed in the Acceptance Letter or in any notices from the DCMA EEO Office regarding amendments to the formal complaint. Defendant essentially argues that Plaintiff abandoned these claims because they were presented before they were ripe and he failed to object in writing to the framing of the issues in the Acceptance Letter.

13

With respect to the first argument, that the claims were not ripe for adjudication, Defendant does not cite any authority to support its position that such a claim is not exhausted. Defendant cites to an Equal Employment Opportunity Commission Management Directive that states the agency only is required to address EEO complaints if an individual suffered a deprivation. (Doc. 41 at 27.) Essentially, Defendant asserts that the claims were not yet ripe at the filing of the formal complaint. Plaintiff, however, believed that his claims were ripe.

On March 2, after Plaintiff filed his formal complaint, Harris emailed him to inform him that there were eleven claims that were included in the formal complaint but did not identify a date of notification of status. Harris stated that "we [DCMA EEO Office] will have to wait until you are notified on your status in order to proceed with the below [positions]." (Doc. 41, Exh. C, Att. 25.) In response, Plaintiff stated that he understood Harris's "argument but they are so old, the certificates of referral have certainly expired." (*Id.*) Plaintiff then listed several positions, including some that Defendant is now asserting are abandoned, and identified dates that the positions closed. In response, Harris said he understood "time has passed from receiving any word on the other JOAs [positions], however until you receive a final word on them we will not be able to proceed with those specific positions." (*Id.*) Harris recommended that Plaintiff contact the person listed on the announcements. Plaintiff clearly did so as the record shows that he sent emails to various individuals asking about the status. (*Id.* at Att. 26.)

As previously stated, the Tenth Circuit has held that the date of discovery of alleged discriminatory conduct is typically the date of decision. *Almond,* 665 F.3d at 1177. As noted, however, not all employees are informed of a decision. *Id.* While the merits of each of these claims has not been examined, Plaintiff's belief at the time, that he was not selected for these positions but that he was not notified, could have been reasonable given the time that had passed

14

from the date of his application.  There are no facts to support the conclusion that an applicant is always notified of non-selection.  Moreover, the dates of application and announcement closing have not been presented to the court for these positions at this time.  Therefore, Plaintiff's belief that his claims were ripe and that he was not selected due to the amount of time that had passed could have been entirely reasonable.

Moreover, the court is not persuaded that Plaintiff abandoned these claims.  The Tenth Circuit has explained that abandonment occurs "when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim."  *Cirocco v. McMahon*, 768 F. App'x 854, 860 (10th Cir. 2019) (citing *Shikles*, 426 F.3d at 1310)).  If the facts support abandonment, a plaintiff has not exhausted his administrative remedies on that claim.  *Id.*  The record shows that Plaintiff's formal complaint provided specific information regarding the jobs applied for, the dates applied, and the alleged discriminatory conduct.  Plaintiff also made efforts to determine the status of his applications so that he could provide additional information to the DCMA EEO Office as they requested.  At no time was Plaintiff informed that the claims would be considered abandoned.  Rather, Plaintiff was told that the claims were essentially on hold.  Plaintiff's actions are not those of someone who has abandoned his claims.  *Cf., id.* (finding that the plaintiff had not exhausted her claims when she declined multiple requests for an interview and did not respond to discovery requests or submit evidence).  Following Defendant's argument, an employer could avoid any complaint of discriminatory action by failing to provide an applicant with a notice of non-selection.

Defendant also cites to various authority for the position that the failure to object to the Acceptance Letter and the framing of the issues acts as an abandonment to claims that are not in the Acceptance Letter.  The Tenth Circuit, however, has not held that a failure to object to the

15

framing of the issues acts as an abandonment of claims clearly presented in the formal complaint. Notably, in its reply brief, Defendant cites to *Laughter v. Gallup Indian Med. Ctr.*, 425 F. App'x 683, 686 (10th Cir. 2011) for the proposition that "[a]bandoning a complaint of discrimination filed with an employing agency prior to the agency's final action on the complaint constitutes a failure to exhaust." (Doc. 53 at 10.)  In *Laughter*, the plaintiff "moved to withdraw" his complaint from the agency prior to the agency's final action.  425 F. App'x at 686.  That is not what happened here.

In its memorandum, Defendant has cited several district court cases, including those in the District of Columbia.  (Doc. 41 at 21-22.)  Based on a review of those cases, and others, it is clear that courts are not in agreement regarding Defendant's position.  *See Panarello v. Zinke*, 254 F. Supp.3d 85, 98-99 (D.D.C. 2017), *aff'd sub nom. Panarello v. Bernhardt*, 788 F. App'x 18 (D.C. Cir. 2019) ("Judges in this district have taken different approaches in deciding whether a failure to dispute an agency's framing of the issues for investigation bars a plaintiff from revisiting the issue in litigation.") (discussing cases).  Notably, Defendant does not address whether any of the cases cited has a factual scenario similar to the one in this case.

In *Sellers v. Nielsen*, the plaintiff had presented a formal complaint to the agency that included several claims.  376 F. Supp.3d 84, 89-90 (D.D.C. 2019).  The plaintiff had expressly referenced two non-selections for which she had applied and listed the positions.  Although other claims were accepted by the agency, the non-selections were not listed or accepted.  Defendant argued that the plaintiff had abandoned those claims by failing to object or seek clarification of the claims.  The court was not persuaded by the argument and discussed it as follows:

> This is not a case in which Ms. Sellers alluded to a general failure to select her for some unnamed position at some undisclosed time, both August 2014 non-selections were named by position and date in her formal complaint to the agency. Def.'s Mot., Ex. A., ECF No. 10-1 at 6. This is also not a case in which a plaintiff fails to allege

16

> a particular type of discrimination (e.g., race) or claim (e.g., retaliation), and later brings that type of claim in federal court. Such a case would surely fail on exhaustion grounds. *See McKeithan*, 803 F. Supp.2d at 67 (dismissing retaliation claim for failure to exhaust when plaintiff failed to include it in his administrative complaint or any allegations that could be construed as a retaliation claim).
>
> This Court does not believe that the hardline approach suggested by the defendant is appropriate as a matter of law in this case. Ultimately, the fact that the agency itself omitted the non-selections that were clearly referenced in the formal complaint from its statement of accepted issues does not bar the claims from this case. The agency was free to send a formal request for more information about those claims, but it failed to do so. *See generally Robinson*, 403 F. Supp.2d at 28 (dismissing claims because of plaintiff's failure to respond to formal written request for additional information). Ms. Sellers presented the 2014 non-selection claims in her charge of discrimination and this was all she was required to do. *See Mokhtar [v. Kerry]*, 83 F. Supp.3d [49,] 65 [(D.D.C. 2015)](stating there is no statutory or regulatory requirement for a plaintiff to respond to an acceptance-of-claims letter within a certain time to avoid waiving plaintiff's claims).

*Sellers*, 376 F. Supp.3d at 96.

As in *Sellers*, the DCMA EEO Office did not formally request additional information. Nor was Plaintiff informed that his claims would be considered abandoned by the DCMA EEO Office if Plaintiff did not receive a notification letter regarding these positions. Moreover, the Acceptance Letter was silent as to the status of these claims even though the claims were specifically set forth in the formal complaint. Although the framing of the issues is certainly helpful to the claimant and the EEO Office, there is no statutory or regulatory requirement for this process. *See Mokhtar*, 83 F. Supp.3d at 65. Absent facts otherwise showing that Plaintiff intended to abandon his claims and Tenth Circuit authority holding that a plaintiff has abandoned a claim that is clearly included in the formal complaint but not included in the Acceptance Letter or subsequent amendments, this court declines to find that Plaintiff has abandoned his claims that were presented to the DCMA EEO Office.

In *Glapion v. Jewell*, 673 F. App'x 803, 807 (10th Cir. 2016), a case cited by Defendant, the Tenth Circuit determined that the plaintiff did not exhaust a claim that arose after the EEO

17

complaint was filed because the plaintiff did not file a new complaint or amend the existing complaint.  Such is not the case here.  Defendant also cites *Khoury v. Meserve*, 268 F. Supp.2d 600, 607-08 (D. Md. 2003) for the proposition that Plaintiff failed to exhaust when she failed to disagree with the exclusion of a claim in the acceptance letter.  (Doc. 41 at 21.)  In reviewing the formal complaint, the court determined that the plaintiff cited his evaluation and the employer's attempts to force the plaintiff to sign it in order to prevent the plaintiff from applying for a promotion.  *Khoury*, 268 F. Supp.2d at 607-08.  However, the court noted that the plaintiff did not specifically allege that she was making a claim of "discriminatory denial of promotion" although she did make other claims regarding the promotion that were accepted by the agency. *Id.* at 608.  Therefore, the court determined that Plaintiff should have objected to the claims as framed by the agency in order to exhaust that claim.  Again, such is not the case here.  Plaintiff's claims on these positions were clearly set forth in his formal complaint.

Defendant also cites to *Sellers v. U.S. Dep't of Def.*, No. C.A. 07-418S, 2009 WL 559795, at *11 (D.R.I. Mar. 4, 2009), for the proposition that there was no exhaustion when the plaintiff did not voice disagreement with the claims in the acceptance letter.  (Doc. 41 at 21.)  Although Defendant correctly quotes the case, it is notable that the court had also determined that the plaintiff's formal complaint with the agency failed to allege the claim.  *Sellers,* 2009 WL 559795, at *8 ("Plaintiff's EEO Complaint makes no mention of any hostile work environment claim.") *Sellers* is not a case where the claim was clearly presented in the formal complaint but absent from the Acceptance Letter and, therefore, it is not persuasive.

Defendant also cites to *Clayton v. Rumsfeld*, No. CIVA SA-02-CA-231 EP, 2003 WL 25737889, at *3 (W.D. Tex. Aug. 8, 2003), *aff'd*, 106 F. App'x 268 (5th Cir. 2004).  In *Clayton*, the court found the plaintiff failed to exhaust her administrative remedies when she did not object

to the framing of the issues "by the EEOC and the ALJ" and she was on notice of the claims. *Id.* *Clayton* involved an evidentiary hearing before an ALJ. The court noted that plaintiff was on notice and should have objected when, during the pretrial conference, the ALJ did not include this claim. *Id.* *Clayton* is not persuasive to the court.

Courts are to liberally construe charges in an EEO Complaint. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). In determining whether a claim is exhausted, the courts look to the formal charge. *Id.* Because Plaintiff clearly included these claims in his formal complaint and there are no facts suggesting that he failed to comply with the administrative process, the court finds that these claims were not abandoned when Plaintiff failed to make a formal objection after his claims were framed in the Acceptance Letter.

## IV. Conclusion

Defendant's motion for summary judgment is DENIED IN PART AND GRANTED IN PART. (Doc. 37.) Defendant's motion for summary judgment on claims 4, 8, 14, 17, and 22 is GRANTED. Defendant's motion is DENIED as to the remaining claims at issue in the motion.

IT IS SO ORDERED this 17th day of September, 2020.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE