IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STAN LABER,

   Plaintiff,

v.              Case No. 18-1351-JWB

UNITED STATES DEPARTMENT
OF DEFENSE,

   Defendant.


**MEMORANDUM AND ORDER**

  This matter is before the court on Plaintiff's motion for review (Doc. 143) of Magistrate Judge Birzer's memorandum and order.  (Doc. 137.)  The motion is fully briefed and is ripe for decision.  (Docs. 144, 149, 161, 162.)  For the reasons stated herein, the objections raised in Plaintiff's motion are SUSTAINED IN PART and OVERRULED IN PART.

 **I.  Facts and Procedural History**

  Plaintiff, who is proceeding pro se, filed this employment action against Defendant United States Department of Defense.  This action is based on a substantial number of discrete failure-to-hire claims.  For each discrete act of failure to hire, Plaintiff has asserted claims alleging race, sex, and age discrimination and retaliation in violation of 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act ("ADEA").  Essentially, Plaintiff unsuccessfully applied for various positions with Defendant that were posted on the USA Jobs website.  In his request for relief on his claims, Plaintiff lists several categories of damages, including compensatory damages, back pay, front pay, relocation pay, retirement benefits, leave adjustments, and restoration of employment benefits.  (Doc. 141 at 74.)

Defendant moved for partial summary judgment on several claims based on its exhaustion defense.  (Doc. 37.)  The court granted the motion in part, which resulted in judgment on five claims. (Doc. 101.)  Later, the parties stipulated to the dismissal of one count. (Doc. 112.)  Plaintiff then moved to amend to add an additional claim of discrimination.  (Doc. 122.)  That motion was granted and Plaintiff has now filed his second amended complaint.  (Docs. 138, 141.)  This action has been pending since December 2018 and there has been extensive discovery on all of the discrete employment discrimination claims.  The current discovery deadline is July 9, 2021.  (Doc. 157.)

Based on the review of this court's docket sheet, it is clear that discovery in this case has been challenging due to the extensive number of claims involved and the significant number of discovery disputes.  (*See, e.g.*, Docs. 67, 75, 86.)  Magistrate Judge Birzer has held several hearings and entered several scheduling orders.  The present objection brought by Plaintiff pertains to several discovery rulings made by Magistrate Judge Birzer after a discovery hearing conducted on pending motions to compel.  (Docs. 133, 137.)

## II.  Standard

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law"

standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

### III.  Analysis

### A.    Defendant's Motion to Compel

On November 20, 2020, Defendant filed a motion to compel Plaintiff to provide his medical records from March 2013 through the present.  (Doc. 110.)  Defendant had issued two requests for production seeking the records and Plaintiff objected to those requests.  In its motion to compel, Defendant argued that the medical records were relevant to the issue of damages and were also relevant to four claims which required Plaintiff to be medically qualified to be deployed to a combat zone.  (*Id.* at 1.) With respect to the four claims, Defendant argued that the evidence is relevant to show Plaintiff was not qualified at his time of application and that he would not be qualified for instatement and/or front pay if he succeeds at trial.

In response, Plaintiff stated that the records are not relevant to compensatory damages because Plaintiff would agree to reduce his emotional damages claim to $1.  (Doc. 111 at 5.)  With respect to certain positions, Plaintiff argued that the screening only applied to certain selectees and that Defendant should not be able to discover the medical information because its decision regarding Plaintiff's employment was not based on medical clearance.  Plaintiff also raised privacy concerns regarding his medical information.

In her ruling, Magistrate Judge Birzer found that the issue regarding production of the medical records for compensatory damages was moot due to Plaintiff's agreement to limit his compensatory damages to $1 and his sworn statements that he has sought no medical treatment for

such damages.  (Doc. 137 at 9.)  With respect to Defendant's request for medical and dental records for certain positions, she ruled that the records were "at least minimally relevant" in that "Defendant should not be forced to reimburse Plaintiff for back pay if it learns he was not medically qualified for the positions to which he applied."  (Doc. 137 at 9-10.)  Further, the order noted that "discovery does not equate to admissibility" and that Plaintiff could attempt to exclude the records.  With respect to Plaintiff's privacy concerns, Magistrate Judge Birzer stated that the Protective Order in this case would remedy those concerns.  (*Id.* at 10.)  She ultimately granted the order in part and ordered Plaintiff to sign a release permitting access to Plaintiff's medical and dental records from January 1, 2013, through December 31, 2015.

Plaintiff objects to this ruling.  The court initially notes that Plaintiff makes no colorable argument regarding the relevancy of the medical records.  Plaintiff seeks extensive damages on his claims, which include claims that require Plaintiff to be medically eligible to be hired. Therefore, the court finds that Plaintiff's medical records are relevant to the claims in this action and any objection as to relevancy is overruled.  Plaintiff also seems to argue that Magistrate Judge Birzer erred by allowing the production of dental records because that was not raised in the request for production ("RFP").  (Doc. 143 at 3.)  The RFP at issue, number 288, does seek records for dental treatment.  (Doc. 137 at 4.)  Therefore, Plaintiff's objection on this basis is overruled.

Plaintiff also makes an objection on the basis that the disclosure of the medical records would violate the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb.  That statute prohibits the government from placing substantial burdens on an individual in the exercise of his religion.  Although the court understands that Plaintiff has privacy concerns regarding his records, Plaintiff's argument that the production violates RFRA is not clear.  Plaintiff fails to cite any authority for the proposition that discovery in a case in which he is seeking damages against

the government cannot proceed because the production of records would violate RFRA.  Plaintiff

has filed this action and the medical records are relevant to the claims at issue due to the required

medical clearance on some positions.  Moreover, there is a protective order entered in this case

which will protect Plaintiff's privacy concerns and Plaintiff has not adequately shown how that

protective order will not protect his medical information.  Also, as noted by Magistrate Judge

Birzer, Plaintiff can object to the admissibility of this evidence at a later stage in the proceedings.

Finally, Plaintiff objects to the manner in which the court has compelled production.

Plaintiff asserts that he should not be forced to sign blanket authorizations for medical records.  In

response, Defendant states that it did not specifically seek to compel this action but cites to *Warner*

*v. Sherry Floyd, P.A.*, No. 16-4143, 2017 WL 2901188, at *2 (D. Kan. Apr. 19, 2017) for the

proposition that compelling a party to sign a release is appropriate as the court has general powers

to enforce its orders.  (Doc. 149 at 5-6.)  In *Warner*, the court discussed that Rule 37 motions to

compel apply to formal discovery requests and not to a request that a plaintiff sign "a document

authorizing a nonparty to release information."  *Id.*  The court noted that this court has previously

ruled that it "has no authority—under either Rule 34 or Rule 37—to compel Plaintiff to sign the

records authorizations."  *Id.* (citing *Becker v. Securitas Sec. Servs. USA, Inc.*, No. 06-2226-KHV-

DJW, 2007 WL 677711, at *3 (D. Kan. Mar. 2, 2007)).  As recently as last year, the court

reaffirmed this.  *Abouelenein v. Kansas City Kansas Cmty. Coll.*, No. 18-2670-DDC, 2020 WL

1124396, at *3 (D. Kan. Mar. 6, 2020).  In that case, and in *Warner*, the court noted that a party

may serve a medical provider with a subpoena pursuant to Rule 45.  *Id.*; *see also Warner*, 2017

WL 2901188 at *2.

> It is only after the individuals or entities object on grounds of privilege or otherwise
> fail to produce the documents pursuant to the subpoena that the Court will consider
> a motion requesting (1) the Court compel the entity to produce the documents

> pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

*Abouelenein*, 2020 WL 1124396, at *3 (quoting *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007)).  Under these conditions, it may then be appropriate for a party to compel the execution of a release.

Here, those conditions have not been met.  Rather, Magistrate Judge Birzer was only presented with a motion to compel.  Under that circumstance, Plaintiff should have been instead ordered to produce the records responsive to the RFP that are within his possession, custody, or control.

Plaintiff's objection regarding the medical authorization is sustained.  Plaintiff is ordered to produce his medical and dental records from January 1, 2013 through December 31, 2015. Should Plaintiff fail to comply with this order, Defendant may seek an appropriate remedy under the Rules, including, if appropriate, dismissal of certain claims.

### B.    Plaintiff's Motion to Compel (Doc. 116)

Plaintiff filed a motion to compel regarding thirteen different categories of responses to requests for interrogatories and RFPs.  Magistrate Judge Birzer largely denied Plaintiff's motion. (Doc. 137.)  Plaintiff objects to her rulings regarding the following discovery issues: 1) the denial of Plaintiff's request to expand the scope of Defendant's email searches, 2) the denial of Plaintiff's request to compel the production of interview notes, and 3) to compel a response to certain RFPs.[1] The court will address the objections in turn.

---

[1] In his amended reply, Plaintiff has included a section titled "boilerplate objections."  (Doc. 162 at 2-3.)  In that section, Plaintiff states that he is "unsure if any records were withheld based on any objection because Defendant provided no privilege log."  (*Id.* at 3.)  This section is unclear as Plaintiff's initial motion does not raise an objection regarding a ruling by Magistrate Judge Birzer on Defendant's boilerplate objections and a corresponding privilege log.  Therefore, this objection is waived and it is also overruled by a failure to specifically identify a ruling and the basis for any alleged error.

### 1. **Email Parameters**

Next, Plaintiff objects to Magistrate Judge Birzer's ruling regarding his motion to compel a complete response to RFP 1. RFP 1 sought "all emails for the years 2000 to the present that contain one or more of the following search terms regarding Plaintiff." (Doc. 149-4 at 2.) The RFP then identified sixteen different variations of Plaintiff's name. In response to this RFP, the government objected that it was overly-broad, unduly burdensome, and not proportional to the needs of the case. Defendant stated that it would produce all emails that:

(1) include the term "stan" or "laber",
(2) refer or relate to the Plaintiff in this action,
(3) were sent or received by a Selecting Official, Panel Member, or HR Personnel involved in one of the 31 vacancies identified in Plaintiff's Amended Complaint, and
(4) were sent or received between January 1, 2014 and January 1, 2017.

(*Id.*)

On June 5, 2020, the parties had a teleconference regarding the search parameters. (Doc. 149-3.) Defendant's attorney then sent a follow-up email regarding the search parameters. That email explained that it would search all email accounts of HR personnel, selecting officials, and panel members for the following terms: "stan" or "laber;" each applicable vacancy identification number; and the request for personnel action number pertaining to the positions applied for. (*Id.*) The date parameter for the search was January 1, 2014 to January 1, 2017. The email further stated that Plaintiff could provide Defendant with his own proposed search terms and reasons why the email search should date back to the year 2000. (*Id.*) At this time, Plaintiff did not provide Defendant with his own search terms beyond the initial request of his name variations.[2] During

---

[2] Plaintiff does attach an email from February 12, 2021, that includes the proposed search terms as "Laber," "Stan," or "EEO." (Doc. 144-1.) This email was after the searches were conducted and discovery produced.

the July 2, 2020, discovery conference, Plaintiff did not identify any "specific search parameters for Defendant to add to the protocol."  (Doc. 137 at 22.)

Defendant proceeded with its search protocol which resulted in over 200,000 electronic records.  Defendant reviewed these records "by establishing a team of 17 people to review and locate items responsive to Plaintiff's requests.  Defendant did not 'exclude any documents . . . for lack of relevance' but only for responsiveness to Plaintiff's requests, such as, for example, excluding emails related to another 'Stan' which was clearly not related to Plaintiff."  (Doc. 137 at 21) (quoting Doc. 123 at 11.)

Plaintiff's motion to compel complained that Defendant was applying certain parameters to the email searches and that Plaintiff never agreed to such terms and limitations to the discovery request.  (Doc. 116 at 3-4.)  Plaintiff stated that the search needs to be redone with respect to several RFP responses "without regard to RFP 01."  (*Id.* at 5.)  Although not clear, it appears that Plaintiff sought to compel Defendant to completely respond to RFP 1 by searching all email accounts for any version of his name.  In denying Plaintiff's request, Magistrate Judge Birzer ruled that Plaintiff did not ask the court to overrule specific objections and does not specifically describe Defendant's limits on the searches with respect to RFP 1.  She further stated that Plaintiff did not timely submit his concerns regarding the search parameters and he was provided with the protocol back in June 2020.  (Doc. 137 at 23.)  As noted by Magistrate Judge Birzer, she held conferences in August, September, and November 2020.  At no time did Plaintiff raise this issue even though the email production occurred between July 15 and September 2020.  (*Id.*)

In his objection, Plaintiff argues that Magistrate Judge Birzer erred by finding Defendant's actions acceptable and ignoring Plaintiff's arguments.  Initially, the court finds that Plaintiff has failed to show any error as to Magistrate Judge Birzer's specific rulings on this issue.  He does not

state that he asked her to overrule specific objections and he does not argue that she erred in finding that his request was untimely.  Therefore, the objection is denied on this basis.

The court further finds that Plaintiff's objections lack merit.  Initially, Plaintiff seems to suggest that the court misunderstood his position regarding the search for his name.  Plaintiff then refers to an email exhibit that apparently explains his position.  (Doc. 143 at 8.)  In that February 2021 email to Defendant's counsel, Plaintiff argues that the search terms should have been "Laber" or "EEO" or "Stan" and that they should include all emails from 2000 forward.  (Doc. 144-1.)  This email supports Magistrate Judge Birzer's findings that his complaints regarding the parameters were untimely as the email was sent months after the searches were completed.  Moreover, Defendant's search terms did include Laber and Stan.  With respect to Plaintiff's position that the search terms should include EEO and encompass twenty years of emails, Plaintiff did not raise this argument in his motion to compel.  Moreover, Plaintiff makes no colorable argument that an email search spanning twenty years and containing any reference to EEO is relevant to these claims and would not be overly burdensome.

Plaintiff also suggests that Defendant only produced the emails that included "Plaintiff's name AND one or more parameters, [and] excluded from production all of the documents that exclusively held Plaintiff's name."  (Doc. 143 at 9.)  That assertion is not supported in the record. The only requirement if an email hit came back with a "Stan" was that the "Stan" discussed was Plaintiff and not another "Stan."  (Doc. 163 at 40.)  Defendant even produced emails that mentioned a Stan if they were not sure who the email was referring to.  (*Id.*)  Any email that discussed Plaintiff was also produced regardless of relevancy.  (*Id.*)  To the extent that Plaintiff suggests that every email with the name "Stan" in the searches should be produced, Plaintiff's request is overbroad and irrelevant.

Plaintiff's remaining arguments are confusing at best.  The court finds that Plaintiff has failed to establish that the ruling on the objections regarding the search parameters was clearly erroneous or contrary to law.  Defendant's search parameter was reasonable and provided to Plaintiff in June 2020.  Magistrate Judge Birzer did not err in finding that Plaintiff failed to make a specific argument regarding Defendant's stated objections and his motion was untimely. Plaintiff's objection regarding the search parameters is overruled.

## 2.  Interview Notes

Plaintiff moved to compel production of RFP 8 which requested all documents related to the evaluation or processing of applications that were prepared by the selecting officials.  (Doc. 143 at 12.)  In his motion, Plaintiff claimed that Defendant failed to produce all of the interview notes for the positions at issue.  (Doc. 116 at 6.)  Plaintiff asserted that the notes "were purposefully withheld or destroyed because they contain direct evidence of discrimination." (*Id.*)  In moving to compel, Plaintiff focused on the alleged lack of documentation concerning claim 2.  Plaintiff also cited to testimony of panel members stating that notes were taken during interviews.  Plaintiff moved to compel production of all interview notes for all claims and sought sanctions for claim 2 if the interview notes were not produced.  (*Id.* at 7.)  In response to the motion, Defendant stated that it obtained

> documents directly from the selecting officials and panel members involved in the 31 vacancies, searched each individual's email such that if any notes or recommendation memoranda were sent via email they would have been captured in the email searches, and produced all documents contained in the USA Staffing database relating to the 31 vacancies in this lawsuit. Defendant specifically identified these notes by Bates range as responsive to RFP 8. Likewise, all interview notes or recommendation memoranda collected during the EEO investigation were produced to Plaintiff as part of the administrative Report of Investigation (ROI).

(Doc. 123 at 17.)

In denying Plaintiff's request, Magistrate Judge Birzer held that the court and Plaintiff must take defense counsel at their word that they have searched everywhere and produced all notes they could discover.  (Doc. 137 at 26.)  In his objection, Plaintiff asserts that the correct standard was not applied and that the court "failed to ensure that Defendant had searched the places which Plaintiff suggested they could be located."  (Doc. 143 at 11.)  In response, Defendant states that it has conducted exhaustive searches to locate, collect, and produce all such documents currently in existence and within its possession, custody, or control.  (Doc. 149 at 11.)

Plaintiff's objection lacks merit.  Plaintiff continues to assert that these notes were not produced and that Defendant has withheld the documents.  Plaintiff's argument is not founded on any evidence of intentional or improper conduct by Defendant.  Plaintiff's additional arguments, which were not raised before Magistrate Judge Birzer, will not be considered.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  All other arguments are unpersuasive for the reasons stated in Defendant's response.  Notably, Plaintiff has wholly failed to show how this ruling was erroneous or contrary to law.

Plaintiff's objection on this issue is overruled.

### 3.  RFPs

Finally, Plaintiff objects to Magistrate Judge Birzer's ruling regarding RFPs 38 and 61. Plaintiff's Phase II RFPs 38 and 61 state:

> Request 00038: All documents that were identified or reviewed or relied upon by you in responding to Plaintiff's First Set of Interrogatories to Defendant for Phase 2 with identification that relates the document to the numbered interrogatory.

> Request 00061: All documents and communications which Defendant referred to or relied upon in preparing his answers to interrogatories.

(Doc. 149 at 14.)

At the time Defendant was served with RFP 38, Plaintiff had not yet served interrogatories so Defendant had no responsive documents.  (Doc. 137 at 31.)  Later, Defendant then agreed to respond to RFP 61 by providing a four-page list identifying by Bates ranges the non-privileged documents relied on when compiling responses to Plaintiff's 310 interrogatories.  Defendant also referred Plaintiff to Doc. 38-5.  Notably, RFP 61 does not ask Defendant to create a list to identify exactly what document corresponds to each interrogatory.  Plaintiff moved to compel a complete response and asserted that Defendant did not identify what records were associated with each numbered interrogatory and stated that this "implies that records were withheld or otherwise missing."  (Doc. 116 at 9.)  In response, Defendant stated that Plaintiff was asking it to create a new document detailing how the documents produced were utilized and that this was improper.

In denying Plaintiff's request, Magistrate Judge Birzer found that it would be unduly burdensome to require Defendant to go back and specify every document reviewed to answer each specific interrogatory given the extensive number of interrogatories citing to *Progressive N.W. Ins. Co. v. Gant*, 15-9267-JAR-KGG, 2017 WL 3530843, at *6 (D. Kan. Aug. 16, 2017).  Moreover, Defendant has complied by pointing to all the documents it reviewed when answering the interrogatories.

Plaintiff objects to this ruling by first asserting that the authority is misplaced. Plaintiff further argues he will be prejudiced because he is faced with an impossible task due to the voluminous documents provided by Defendant.  In *Gant*, the court held that should the plaintiff "need to know which documents were referenced or relied upon regarding particular requests for admissions, it will need to submit more specific document requests" instead of a general request for identification of all documents used in responding to all requests.  *Id.*  This authority supports Magistrate Judge Birzer's ruling.  In responding to RFP 61, Defendant provided all documents

utilized in responding to the 310 interrogatories.  If the court grants the relief Plaintiff seeks, Defendant would be required to create a new document, not produce documents relevant to answering the interrogatories.  Had Plaintiff wanted to determine which documents were used in response to specific interrogatories, he should have submitted a more specific request, such as a document request for the documents used in responding to a specific interrogatory.  *Id.*

Plaintiff also argues that Rule 33(d) requires Defendant to identify the records utilized for each interrogatory.  Rule 33 does not apply here as that rule contemplates responses to interrogatories.  This is a request for production of records.

Plaintiff has failed to establish that this ruling was contrary to law or clearly erroneous.[3] Therefore, the objection on this ruling is overruled.

## IV.  Conclusion

The objections raised in Plaintiff's motion for review are SUSTAINED IN PART and OVERRULED IN PART.  The court will MODIFY the ruling compelling Plaintiff to provide medical and dental records by executing a medical authorization.  The order is modified as follows: Plaintiff is ordered to produce his medical and dental records between January 1, 2013 through December 31, 2015, that are within his possession, custody, or control. All remaining objections to the rulings in Magistrate Judge Birzer's memorandum and order are OVERRULED.

IT IS SO ORDERED this 12th day of May 2021

___s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also states that Magistrate Judge Birzer failed to make a ruling on RFP 38.  (Doc. 143 at 16.)  The memorandum and order clearly states that Plaintiff's motion with respect to Defendant's responses to RFP 38 was denied.  (Doc. 137 at 31.)