IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

            Plaintiff,

v.                                                                 Case No. 18-1351-JWB

UNITED STATES DEPARTMENT
OF DEFENSE,

            Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for review (Doc. 196) of Magistrate Judge Birzer's memorandum and order (Doc. 194). The motion is fully briefed and ripe for decision. (Docs. 197, 199.) For the reasons stated herein, Plaintiff's motion is DENIED.

**I. Facts and Procedural History**

Plaintiff, who is proceeding pro se, filed this employment action against Defendant United States Department of Defense. This action is based on a substantial number of discrete failure-to-hire claims. For each discrete act of failure to hire, Plaintiff has asserted claims alleging race, sex, and age discrimination and retaliation in violation of 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Essentially, Plaintiff unsuccessfully applied for various positions with Defendant that were posted on the USA Jobs website.

Defendant moved for partial summary judgment on several claims based on its exhaustion defense. (Doc. 37.) The court granted the motion in part which resulted in judgment on five claims. (Doc. 101.) Later, the parties stipulated to the dismissal of one count. (Doc. 112.) Plaintiff then moved to amend to add an additional claim of discrimination. (Doc. 122.) That motion was

granted and Plaintiff has filed his second amended complaint. (Docs. 138, 141.) This action has been pending since December 2018 and there has been extensive discovery on all discrete employment discrimination claims. This court has also previously ruled on an earlier objection to a ruling by Magistrate Judge Birzer during discovery. (Doc. 166.) As stated in that prior order, it is clear that discovery in this case has been challenging. Magistrate Judge Birzer has held at least 15 conferences and entered several scheduling orders. (Doc. 194 at 3.)

There have been four phases of discovery in this case. Phase IV discovery was dedicated to expert discovery and "other clean up discovery." (*Id.*) Phase III fact discovery had closed on May 21, 2021. (Doc. 157.) On June 8, 2021, after completing fact depositions, Plaintiff issued sixteen Phase IV RFPs to Defendant. Defendant served written objections and responses, along with a privilege log and a document production on July 2, 2021. On July 13, 2021, Magistrate Judge Birzer conducted a discovery conference. Prior to the conference, the parties submitted materials to chambers for review. At the conference, the court heard arguments regarding Plaintiff's Phase IV RFPs 1, 2, 4, and 11 because it could only ascertain that the parties conferred as required under D. Kan. Rule 37.2 as to these four requests. (Doc. 194 at 4.) After the hearing, and on the same day, the court entered the following

> ORDER. On 7/13/21 the Court conducted a status conference. Plaintiff Stan Laber appeared on his own behalf. Defendant appeared through counsel, Sarah Macke, Tyson Shaw, Christopher Allman, and Steven Brookreson. After discussion during the conference, the Court enters the following orders: The Court discussed with the parties Plaintiff's recent Phase IV written discovery requests and Defendant's objections/responses. With regard to Plaintiff's RFP Nos. 1 and 2, the Court sustained Defendant's objections. As to Plaintiff's RFP Nos. 4 and 11, Defendant is ordered to supplement its production, and to certify the production as discussed during the conference. Such supplementation and certification should be complete no later than 8/13/21. The parties are also ordered to fully confer regarding the remainder of the Phase IV discovery. To this end, the Phase IV/clean-up discovery is extended through 8/13/21. However, any wrap-up must be complete and all non-expert discovery will close by 8/13/21. No additional extensions will be granted. By 9/3/21, Plaintiff must submit any expert disclosures. Defendant must serve any

> expert disclosures by 10/29/21. A status conference is set for 9/13/2021 at 10:00 AM by Zoom videoconference before Magistrate Judge Gwynne E. Birzer. This conference will address any expert issues, potential mediation, and deadlines for the proposed pretrial order and pretrial conference. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 7/13/21.

(Doc. 175.)

Magistrate Judge Birzer also informed the parties during the conference that she was not going to make any more orders after August 13 with regard to written and fact discovery. (Doc. 194 at 4) (citing Doc. 177 at 46.) Plaintiff was given until August 30 to file a motion to compel as to Plaintiff's Phase IV written discovery requests, excluding RFP Nos. 1, 2, 4, and 11. (*Id.* at 5.) Plaintiff filed a motion to compel and a motion to reconsider[1] his requests previously ruled on. (Doc. 179.) With respect to the motion to reconsider, Magistrate Judge Birzer set forth the standard on motions for reconsideration. She determined that the motion was untimely because it was not filed within fourteen days of the July 13, 2021, order. (Doc. 194 at 8.) Alternatively, Magistrate Judge Birzer ruled that Plaintiff was merely rehashing the arguments he previously made with respect to request for production 1[2], therefore, reconsideration was not appropriate. (*Id.* at 11.) With respect to Plaintiff's motion to compel, Magistrate Judge Birzer denied the motion in large part. (*Id.* at 30.)

In the motion currently before the court, Plaintiff objects to Magistrate Judge Birzer's denial of Plaintiff's motion for reconsideration as to Plaintiff's Phase IV request for production 1 ("RFP 1") and the denial of Plaintiff's motion to compel as to Plaintiff's Phase IV request for production 10 ("RFP 10").

## II. Standard

---

[1] Although titled a motion to appeal, the motion sought reconsideration of Magistrate Judge Birzer's July 13, 2021 order.

[2] Although the order discusses other objections, the court will limit the discussion in this order to the RFPs at issue on Plaintiff's motion for review.

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

**III. Analysis**

**A.     RFP 1**

Turning to the first issue, Plaintiff argues that the magistrate judge erred in sustaining Defendant's objection to RFP 1. RFP 1 stated as follows:

> RFP 01 For each job application submitted by Plaintiff for the following vacancies: [list followed], please provide 1. Copy of Plaintiff's complete application 2. The position description 3. The job analysis 4. The NOR (notice of results) sent to Plaintiff 5. At least one document that identifies the personnelist who determined the NOR if not shown on the NOR. 6. At least one document that identifies the date of the NOR if not shown on NOR 7. Copy of the Job Opportunity Announcement (JOA) ECF 179.

(Doc. 196 at 1.)

Defendant objected to the RFP on the basis that Phase IV discovery was designated as "clean up" discovery and this exceeds the scope of the discovery. Defendant raised additional

4

objections that do not need to be restated. (*See* Doc. 197 at 4-5.) Magistrate Judge Birzer had "repeatedly cautioned [Plaintiff that] the residual discovery intended for Phase IV was directed at any new issues arising from depositions—not for broad discovery on topics he should have identified earlier." (Doc. 194 at 11.) She sustained Defendant's objections to RFP 1 on July 13, 2021, and issued a text order that same date. Plaintiff, however, failed to file a motion to reconsider or appeal on or before July 27, 2021. In considering Plaintiff's motion for reconsideration, Magistrate Judge Birzer held that the motion was untimely and, alternatively, failed on the merits. (*Id.* at 8-11.)

Plaintiff now urges this court to find that Magistrate Judge Birzer's order was erroneous. In support, Plaintiff argues that the information sought in RFP 1 is relevant to his claims, that he did not know Magistrate Judge Birzer was going to make rulings on July 13, 2021, and that he did make an argument regarding timeliness at the hearing. Plaintiff, however, fails to make any colorable argument that Magistrate Judge Birzer's ruling that Plaintiff's motion was untimely was erroneous. It was not. Even if Plaintiff had not known that Magistrate Judge Birzer was going to issue a ruling at the conference, this does not change the fact that Plaintiff failed to move for reconsideration or appeal within fourteen days of the decision. Therefore, it was untimely under D. Kan. Rule. 7.3(b). *See United States v. Green*, 625 F. App'x 901, 906 (10th Cir. 2015) (affirming district court's decision to deny motion to reconsider as untimely where the court issued its initial order on February 24 and the defendant did not file his reconsideration motion until April 9).[3]

Plaintiff's motion is accordingly denied as to RFP 1.

---

[3] Alternatively, Magistrate Judge Birzer denied Plaintiff's motion on the merits. Although the court need not consider whether her decision on the merits was erroneous or contrary to law based on its findings regarding timeliness, the court finds that Plaintiff has not shown that Magistrate Judge Birzer's decision on the merits with respect to RFP 1 was erroneous or contrary to law for the reasons set forth in Defendant's response brief. (Doc. 197 at 8-11.)

### B.      RFP 10

Plaintiff argues that Magistrate Judge Birzer's decision denying Plaintiff's motion to compel a response to RFP 10 was erroneous.  Plaintiff's RFP 10 and Defendant's response state as follows:

> Request 00010: For each declaration that appears in the ROI which was shared by the declarant or investigator with any individual, provide the ESI and communications associated with the sharing of each declaration for the period January 1, 2015 to December 31, 2016.
>
> RESPONSE: Defendant objects to this request as seeking documents protected from disclosure from the attorney-client privilege and/or attorney work product. Defendant has already searched for and produced all known non-privileged/work product versions of each declaration relating to the claims at issue in this case, including final and draft versions, and has searched for and produced all known non-privileged communications that include a copy of such declarations. In prior searches, Defendant searched the work e-mail accounts of the applicable Selecting Officials, Panel Members, and HR Personnel4 for a period that included January 1, 2015, to December 31, 2016, for the terms (1) "stan," (2) "laber," (3) the vacancy ID numbers associated with the claims Plaintiff's Amended Complaint, or (4) the RPA numbers associated with the vacancies in Plaintiff's Amended Complaint. Each declaration includes one or more of these terms. Defendant also collected all documents relating to declarations submitted by these individuals directly from such individuals (which would include documents not contained in such individual's emails, if such documents existed). Likewise, all nonprivileged e-mails from this time period containing the term "Laber" from Melissa Horton's and Richard Harris's e-mails were gathered and produced. To the extent Plaintiff seeks to require further searches, Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as seeking information not relevant to the claims and defenses in this case, and as seeking discovery beyond the scope of Phase 4 "clean up" discovery.

(Doc. 197, Exh. B at 18-19.)

Plaintiff argued to the magistrate judge that Defendant's objection was boilerplate and the prior electronic searches performed by Defendant were insufficient.  Plaintiff further asserted that there was no evidence that Melissa Horton's email was ever searched.  Based on the record and representations of Defendant, Defendant has searched the work email accounts of all selecting officials, panel members and human resources personnel for the relevant time period.  These email

accounts were searched for the terms "stan" and "laber" along with other relevant terms identified in Defendant's response to RFP 1. With respect to Ms. Horton, who was not employed by Defendant but was employed by the Investigations and Resolutions Directorate as an EEO investigator, her email could not be searched by Defendant and she performed the search of her email which included searching for the term "Laber." (Doc. 197 at 13-14.) Notably, Defendant states that each declaration Plaintiff seeks in RFP 10 contained the term "Laber." (*Id.* at 12.) Therefore, the prior searches, including the search performed by Ms. Horton, would have revealed any email communications that Plaintiff seeks in RFP 10. Additionally, Defendant already provided "both the initial drafts of the declarations provided by the EEO investigatory to the witnesses, and the final declarations provided by witnesses." (Doc. 194 at 22.)

In denying Plaintiff's motion to compel a response to RFP 10, Magistrate Judge Birzer found that Defendant had sufficiently responded through previous discovery. She further held that any emails to counsel are attorney-client privileged and identified on the privilege log which was not challenged. With respect to Ms. Horton, Magistrate Judge Birzer found the search of her email appropriate and noted that any emails Ms. Horton sent to the selecting officials would have appeared during the search of those officials' emails. (Doc. 194 at 22.)

Plaintiff asserts that Magistrate Judge Birzer's ruling was erroneous. Plaintiff argues that Horton and Mr. Harris conducted their own self-serving searches, and that they were inadequate. Plaintiff further argues that the ruling regarding the privilege log was erroneous because the court did not address Plaintiff's request for the "facts stated within the privileged items." (Doc. 196 at 4.) Plaintiff's arguments lack merit. Plaintiff has not articulated how the searches were inadequate. In Plaintiff's own words, the RFP at issue "only addresses declarations." (*Id.* at 5.) Defendant has represented that the declarations all contain the term "laber" and Plaintiff does not

7

challenge this representation. (*See* Docs. 197 at 12; 199.) As a result, the previous search parameters performed by Defendant and Ms. Horton would have captured these email communications.[4] Therefore, Magistrate Judge Birzer's ruling that Defendant has sufficiently responded through previous discovery is not erroneous. With respect to Plaintiff's brief argument regarding the privilege log, Plaintiff failed to challenge the privilege log before the magistrate judge and he again fails to make any colorable challenge to the log.

Plaintiff's motion with respect to RFP 10 is therefore denied.

### IV. Conclusion

Plaintiff's motion for review (Doc. 196) is DENIED.

IT IS SO ORDERED this 11th day of January 2022

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Plaintiff is suggesting that Mr. Harris performed his own search and it was somehow insufficient, Defendant has stated that this is inaccurate and that Defendant performed the search of Mr. Harris' email. (Doc. 197 at 14.) Plaintiff's assertions are not supported by any evidence in the record.