IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

        Plaintiff,

vs.                                                                                          Case No. 18-1351-JWB-GEB

LLOYD J. AUSTIN, III,
Secretary, Department of Defense,

        Defendant.

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL RULE 26 DISCLOSURES

**Nature of the Matter**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. *See* Second Am. Comp., Doc. 141. Plaintiff's Second Amended Complaint alleges that he applied for 32 different vacancies with the Defense Contract Management Agency ("DCMA") from June 2014 through July 2015, and that he was not hired in each instance due to unlawful discrimination based on gender, religion, and age, as well as in retaliation for engaging in prior protected activity. Twenty-one charges remain.[1]

Defendant seeks relief from the Court in three areas relating to Plaintiff's recent supplemental Rule 26 disclosures. First, Defendant asks the Court to strike subsections (b) through (m) and (n)(iii) of Plaintiff's March 9, 2022, "Update to Plaintiff's Rule 26 Initial Disclosures" which only categorically describe individuals with discoverable information and which do not identify any individuals by name. Such categorical descriptions do not comply with Rule 26, and Plaintiff should be precluded under Rule 37(c)(1) from using information from individuals he

---

[1] The Court dismissed five counts for failure to exhaust administrative remedies (Doc. 101), and Plaintiff stipulated to the dismissal of six counts (Docs. 112 & 168).

failed to specifically identify by name in accordance with Rule 26(a) or (e). In the event the Court is not inclined to strike these subsections in their entirety, Defendant requests in the alternative that this Court compel Plaintiff to specifically identify by name all individuals that fall into each of these subsections, along with all information required under Rule 26(a)(1)(i), within 10 days of the Court's ruling. This would offer Defendant the opportunity to evaluate whether Plaintiff's failure to timely and specifically identify such individuals is substantially justified or harmless and, if appropriate, seek further relief as to such specific individuals.

Second, Defendant asks that the Court compel Plaintiff to reveal the subjects of discoverable information held by individuals first identified by Plaintiff in Rule 26 disclosures on March 9, 2022, but who *also appear* in Defendant's prior Rule 26(a) disclosures.[2] In short, Defendant wants to know if Plaintiff believes these witnesses have discoverable information that Plaintiff may use to support his claims or defenses (unless solely for impeachment) that *differs* from the subjects listed in Defendant's disclosures.

Finally, Defendant asks that the Court strike Plaintiff's attempt to reserve his ability to call additional unnamed experts that Plaintiff failed to timely disclose.

**Relevant Procedural and Factual Background**

Plaintiff filed this lawsuit in December 2018. Discovery in this matter has proceeded in phases. The first phase addressed exhaustion of administrative remedies and concluded November 15, 2019; the second phase involved written discovery on the merits and concluded September 16, 2020; the third phase involved fact depositions and concluded May 21, 2021; the fourth phase addressed "clean-up discovery," intended to cover residual discovery following fact depositions,

---

[2] Plaintiff has agreed to provide the subjects of discoverable information for those individuals first identified on March 9, 2022, and who *do not* appear in Defendant's prior Rule 26(a) disclosures.

and concluded August 13, 2021; and a fifth phase covering expert discovery concluded January 6, 2022.

*Phase II Merits Discovery*

On May 15, 2020, Defendant served Plaintiff with interrogatories seeking information regarding Plaintiff's then 31-pending charges. Included within Defendant's Phase II interrogatories was a request, interrogatory No. 2, wherein Defendant asked Plaintiff to "[i]dentify all individuals you expect to testify on your behalf at any trial or hearing on the allegations in this case, including the general topics and the claims/charges on which you expect such individual(s) to testify." *See* Pl.'s June 15, 2020 Resp. to Def's Phase II Interrogatories, attached as Ex. A. Plaintiff originally answered interrogatory No. 2 on June 15, 2020, stating "Plaintiff has not yet identified any individuals." *Id*. Plaintiff supplemented his answer in August 2020, to state, "None." Pl.'s August 7, 2020 Supp. Resp. to Def's Phase II Interrogatories, attached as Ex. B. Plaintiff has not further supplemented his answer.

*Phase V Expert Discovery*

On April 20, 2021, the Court established an expert deadline of July 9, 2021. Doc. 157. At the July 13, 2021, scheduling conference, however, Plaintiff indicated a desire to designate a damages expert and the Court established September 3, 2021, as the deadline by which "Plaintiff must submit any expert disclosures." Doc. 175. The Court set Defendant's deadline to designate experts as October 29, 2021. *Id*. Plaintiff retained an economic expert and served his expert disclosures by September 3, 2021. Doc. 188. Due to unexpected funding issues, Defendant requested an unopposed 30-day extension of Defendant's expert deadlines, which the Court granted. Doc. 190. Defendant deposed Plaintiff's expert on October 28, 2021, and disclosed Defendant's expert on November 29, 2021. Docs. 192, 198. Plaintiff did not depose Defendant's

expert.  At no point prior to February 16, 2022, has Plaintiff indicated a desire to obtain additional experts.

*Plaintiff's February and March 2022 supplements to his Rule 26(a) disclosures and the Parties' conferral efforts*

Plaintiff served Defendant with his "Supplement to Plaintiff's Rule 26(a) and Amended Disclosures" on February 16, 2022.  Supp. to Pl.'s Rule 26(a) & Am. Disclosures, attached as Ex. C.  In section "A. Witnesses," Plaintiff identified one person by name—himself.  Subsections b, c, d, e, f, g, i, and j listed categories of individuals, while subsections h and k sought to reserve the right to identify other persons and represented that Plaintiff would provide a "more detailed list with names, contact information, and expected testimony topics . . . when ordered by the court, if other than the sames [sic] witnesses cited by Defendant."  Ex. C, at 2-3.  Plaintiff included a fifth section titled "(2)(AI – Expert disclosures," wherein Plaintiff stated he "anticipates the need for an expert HR personnelist at trial to testify or comment on HR and personnel matters, particularly in regard to DoD, DCMA, AST, OPM, MSPB, and the EEOC."  Ex. C, at 6-7.

On February 24, 2022, Defendant sent Plaintiff an e-mail informing Plaintiff of Defendant's concerns regarding his supplemental Rule 26(a) disclosures and requesting that Plaintiff supplement to specifically identify by name any witnesses Plaintiff may use to support his claims or defenses, as required in Rule 26(a)(1)(i).  *See* Feb. 24, 2022, Conferral E-mail to Plaintiff, attached as Ex. D.  Defendant also informed Plaintiff of the untimely and inadequate nature of his purported expert disclosures and sought clarification as to whether Plaintiff intends to call additional experts.  *See id.* at 1.  Plaintiff did not respond substantively in writing, and the parties conferred telephonically on March 2, 2022.  During the parties' March 2 conferral, Plaintiff agreed to supplement his disclosures.

4

On March 9, 2022, Plaintiff served an "Update to Plaintiff's Rule 26 Initial Disclosures," attached as Ex. E.  With regard to "persons likely to have discoverable information," Plaintiff identified 14 sub-sections (a through n).  Sub-section (a) identifies Plaintiff and is not at issue in this Motion.  Subsections (b) through (k), (m), and (n)(iii) each include categorical descriptions of types of individuals, but do not include any specific names, and subsection (l) reserves the right to later identify additional individuals:

> b. All employees and former employees of Defendant who considered, evaluated, referred, recommended, rated, reviewed, ranked, interviewed, or rejected Plaintiff who may have knowledge of Plaintiff's qualifications or allegations or Defendant's employment policies and practices related to Plaintiff's allegations.
>
> c. Any and all persons who spoke or communicated with selecting officials, those knowledgeable of DCMA workforce statistics and OPM reporting of those statistics.
>
> d. Any and all persons who had communications with persons described in b and c. above or were otherwise aware of the Plaintiff's allegations or actions of the persons described in b or c. above relative to Plaintiff's allegations[.]
>
> e. Any and all of Plaintiff's former supervisors and colleagues who may have information regarding Plaintiff's qualifications, experience, training, education, or past performance.
>
> f. Any and all of the government human resource personnelists or selecting officials who may have knowledge of the qualifications, pay, benefits, and incentives associated with the vacancies comprising Plaintiff's allegations, or Plaintiff, or for the persons selected for the vacancies.
>
> g. Any and all persons who have knowledge of the ESI systems associated with the funding, recruitment, tracking, administration, filling, or reporting on the hiring of persons for the vacancies associated with Plaintiff's allegations.
>
> h. Any and all persons selected for, or who filled, the vacancies associated with the allegations may have knowledge of their qualifications, benefits, and Defendant's practices.
>
> i. Any and all persons with knowledge of Plaintiff's qualifications or past employment performance for employment related to the vacancies in dispute.

5

>j. Any and all persons with knowledge of Plaintiff's willingness, readiness, ability, and intent to accept and relocate for offers of employment and to mitigate his damages for CY 2015 to the present and his past history for the same.
>
>k. Any persons familiar with Plaintiff's character, religious tenets or responsibilities.
>
>l. Plaintiff reserves the right to identify any other persons with knowledge based on discovery or other means.
>
>m. Any persons initially identified by Defendant, or subsequently designated by Plaintiff or Defendant in its disclosures or discovery or to which reference is made herein.
>
>n. The following individuals identified by name (with other information if known) may provide testimony concerning their knowledge and information relative to the various charges in the second amended complaint *or the above subjects*:
>
>> . . .
>>
>> iii. All individuals named in the PTO.

Ex. E, at 2-4 (emphasis added).

In subsection (n), Plaintiff identifies numerous individuals that also appear on Defendant's Rule 26(a)(1) disclosures and identifies approximately 24 individuals that Defendant has not previously identified in Rule 26(a)(1) disclosures or supplemental disclosures.

Plaintiff also revised his final section relating to experts to note: "Plaintiff is determining if additional expert will be necessary."  Ex. E, at 17.

On March 10, 2022, Defendant sent Plaintiff a further conferral letter posing questions regarding and addressing the (1) categories of unnamed individuals, (2) specifically identified witnesses also appearing in Defendant's Rule 26 disclosures, (3) specifically identified witnesses *not* appearing in Defendant's Rule 26 disclosures, and (4) Plaintiff's statement regarding additional experts.  *See* March 10, 2022, Conferral letter regarding Pl's Updated Disclosures, attached as Ex. F.  Plaintiff responded that he was not opposed to providing more detail where he knows it, but is

very busy. *See* March 10, 2022, E-mail Exchange between Parties, attached as Ex. G (highlighting in original). Defendant sought further clarification, and again asked a question regarding each of the four issues identified in his letter. These questions, and Plaintiff's responses thereto include:

> Question 1: "Will you delete the categories of witnesses in subsections (b) through (m) regarding identification of witnesses, which only categorically describe witnesses, without specific names?"
>
> Response: "Not at this time because new witnesses in these categories may be revealed in the future. For example, this may occur in dispositive motions, responses to motions, affidavits therein or at trial. Also, because Plaintiff has not been able to read every document in the record to date, any do [sic] read may reveal either new witnesses or bases."
>
> Question 2: "For witnesses you specifically name and which Defendant has previously named, will you confirm that the subjects of discoverable information each individual is likely to have and that you may use to support your claims or defenses are the same subjects listed by Defendant, and if not, agree to identify the additional information you believe such witnesses have?"
>
> Response: "Not at this time, because Plaintiff has not yet been able to speak with every named witness. As previously stated, Plaintiff is agreeable to provide additional information for named witnesses but Plaintiff reserves the right to identify additional witnesses and bases that may become known at any time and through various means (dispositive motions, responses to motions, affidavits therein or at trial)."
>
> Question 3: "For witnesses you have identified by name and which Defendant has not previously named, will you provide the information requested by Rule 26(a)(1), including the discovery information each individual is likely to have and that you may use to support your claims or defenses (and contact information, if known), and further explain why you are identifying these individuals for the first time now?"
>
> Response: "Yes. Plaintiff will still reserve the right to ask any witness at trial any question that is relevant regardless of Defendant's or Plaintiff's disclosure that identifies the expected testimony and subject area of testimony for that witness."
>
> Question 4: "Will you remove the language attempting to preserve your ability to identify additional expert witnesses?"
>
> Response: "Not at this time because the need for another expert may arise in dispositive motions, responses to motions or affidavits therein, or at trial. Also, because Plaintiff has not been able to read every document in the record to date,

> any document he does read may reveal the need for another expert in a different subject area requiring different expertise. Also, because of the time that has passed, additional forensic economist expertise may be needed again."

Ex. G, at 1.  Because Plaintiff has agreed to provide the information requested in question 3, Defendant does not address the issues identified in question 3 in this Motion.

Defendant certifies that, as described above, Defendant has made reasonable efforts to confer in good faith on the issues that are the subject of this Motion prior to filing the instant Motion.

## Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(i) imposes upon Plaintiff the obligation to provide, without awaiting a discovery request, disclosures including "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment."  Rule 26(e) further obligates Plaintiff to supplement in a timely manner upon learning that his Rule 26(a) disclosures were "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).

Federal Rule of Civil Procedure 37(c)(1) addresses a party's failure to identify witnesses as required by Rule 26(a) or (e) and states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  "Whether a Rule 26(a) violation is justified or harmless is 'entrusted to the broad discretion of the district court,'" and while the Court "'need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,'

8

the court should be guided by" four factors. *Blair v. Transam Trucking, Inc.*, No. 09-2443-EFM-KGG, 2017 WL 367603, at *2 (D. Kan. Jan. 25, 2017) (quoting *Estate of McDermed v. Ford Motor Co.*, No. 14-cv-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016)). These include: "1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness." *Id.* (quotation omitted).

"The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm." *Id.* (quotation omitted); *see also Kone v. Tate*, No. 20-1080-TC-ADM, 2021 WL 1210009, at *6 (D. Kan. Mar. 31, 2021) (noting neither party addressed the legal standard for a motion to strike, but granting the motion as "it is Defendants' burden to show substantial justification or harmlessness, and they have not done so").

## Analysis

**I.   *Plaintiff's supplemental disclosure of categories of individuals likely to have discoverable information does not comply with Rules 26(a) and 26(e) and should be stricken such that Plaintiff cannot use such unidentified witnesses to supply evidence in this case.***

Federal Rule of Civil Procedure 26(a) requires parties to disclose the identity of "individuals" who may be used as witnesses—not categories of witnesses. *See Marksberry v. FCA US LLC*, No. 19-2724-EFM, 2021 WL 2407579, at * 2 (D. Kan. June 11, 2021), *review denied,* No. 19-2724-EFM-JPO, 2021 WL 5564910 (D. Kan. Nov. 29, 2021) ("Rule 26(a) requires the identity of 'individuals' who may be used as witnesses, not companies."); *Blair*, 2017 WL 367603 (granting motion to strike general categories describing types of witnesses, but no specific individuals).

The broad designations of "any and all" persons in the various categories listed in Plaintiff's supplement are tantamount to identifying as a potential witness "anyone I might want"

9

and leave Defendant guessing as to the identities of potential witnesses. Such burden-shifting is contrary to the plain language of Rule 26 and does not comply with the requirements in this jurisdiction.

In *Blair v. Trans Am Trucking, Inc.*, for example, the Plaintiffs identified various categories of witnesses, such as "all individuals identified in depositions in this matter" or in discovery responses, "all driver managers employed by Defendant from 2006 to present," and other broad categories of potential witnesses. In granting Defendant's motion to strike such categories of witnesses, the Court found "Plaintiffs' tactics, including 'catchall' categories to encompass witnesses not yet identified" inappropriate, and noted the categories "serve only to protect Plaintiffs, allowing them to identify specific witnesses at a later date." *Blair*, 2017 WL 367603, at *3-4.

Like the categories of witnesses listed in *Blair*, Plaintiff lists broad categories of witnesses, without the identification of specific individuals, in violation of Rules 26(a) and (e). Defendant cannot adequately prepare for trial when he does not know the potential witnesses Plaintiff may call to support his claims or defenses, or the subjects of information such witnesses hold. Likewise, the time for conducting discovery into the information such undisclosed witnesses may have has passed. Plaintiff's generic categories of witnesses should be struck from his disclosures and Plaintiff should be barred from soliciting testimony, whether in support of a motion for summary judgment, at trial, or at another hearing, from witnesses he discloses only by way of a generic description. This applies to the categories of witnesses in subsections (b) through (k), (m), and (n)(iii) of Plaintiff's updated disclosures, quoted above. Each of these subsections begins with either "all", "any and all", or "any" and goes on to generically describe a category of individuals.

Further, with regard to subsections (m) and (n)(iii) involving individuals identified in discovery responses or the PTO,[3] identification of a potential witness in deposition testimony or in discovery responses is insufficient and does not "supplant [a party's] duty to serve formal Rule 26(a)(1) and 26(e) disclosures." *McDermed*, 2016 WL 1298096, at *5 (noting "that prior references to these witnesses in an interrogatory answer, a deposition, police report, and/or medical records did not supplant Plaintiff's duty to serve formal Rule 26(a)(1) and 26(e) disclosures for the referenced witnesses.").

Finally, Plaintiff's attempt to reserve the ability to later supplement, subsection (l), "contravenes the express language of Rule 37(c)(1) prohibiting a party from using a non-disclosed witness" and should not be allowed. *See Rogers v. Bank of Am., N.A.*, No. 13-1333-CM-TJJ, 2014 WL 4681031, at *8 (D. Kan. Sept. 19, 2014) (disallowing attempt to reserve the right to supplement as additional information is obtained through the course of discovery or otherwise).

Allowing the above categories of potential witnesses to stand would prejudice Defendant in that he has not had the opportunity to conduct discovery regarding unnamed individuals and cannot adequately prepare for a trial involving unknown witnesses. Both of the main purposes of Rule 26(a)(1)—to focus discovery and facilitate trial preparation—are completely thwarted by a party's refusal to identify potential witnesses by name. *See Blair*, 2017 WL 5068885, at *4 (citing the 1993 advisory committee notes and recognizing that the "'disclosure requirements should, in short, be applied with common sense' to help focus the attention on the 'discovery that is needed, and facilitate preparation for trial or settlement," and not "to encourage litigants to 'indulge in gamesmanship with respect to the disclosure obligations'") (citations omitted).

---

[3] As of the date of this Motion, Plaintiff is working to revise the parties' draft PTO and thus, Defendant does not yet know which individuals Plaintiff may add to this document.

11

The parties completed years of discovery without Plaintiff identifying by name any individual (other than himself) in his Rule 26(a)(1)(i) disclosures and supplemental disclosures or in his interrogatory answer asking him to identify individuals he expects to provide testimony in this case. Defendant conducted discovery accordingly. And, as of now, Plaintiff has refused to identify which, if any, specific witnesses fall into each category purporting to generally describe types of witnesses. Allowing Plaintiff to keep this door open for the subsequent identification of new witnesses will deprive Defendant of not only the ability to efficiently prepare for trial but also the ability to cure the prejudice resulting from Plaintiff's untimely disclosures. Indeed, without knowing the names of potential witnesses, Defendant cannot fully analyze the extent of, let alone cure, any prejudice. Further, it is likely that undisclosed witnesses will disrupt the trial date as Defendant will need additional time to track down such witnesses and learn what information such witnesses may have, which may also require additional depositions. This case is fast approaching the two-year anniversary of the close of fact discovery, and the case needs to proceed forward, not backward. Plaintiff's failure to provide the mandated information suggests a desire to engage in gamesmanship and to hide the proverbial ball in this litigation—not good faith.

Should the Court decline to strike portions of Plaintiff's updated disclosures, Defendant respectfully requests, in the alternative, that the Court compel Plaintiff to revise his disclosures to specifically identify each witness that falls within subsections (b) through (m), and (n)(iii) within 10 days of the Court's ruling.

II.  ***With regard to specifically named witnesses that Defendant has previously disclosed, Plaintiff should be compelled to confirm whether he believes the specifically identified witnesses in subsection (n) have more or different discoverable information than listed by Defendant.***

On March 9, 2022, Plaintiff disclosed for the first time the names of numerous individuals previously identified by Defendant in his initial and supplemental Rule 26

disclosures. To the extent Plaintiff believes the subjects of discoverable information held by these witnesses matches that disclosed by Defendant, Defendant does not object to the untimely disclosure of these witnesses. Defendant objects, however, to Plaintiff's refusal to identify the subjects of discoverable information Plaintiff believes such witnesses hold. Rule 26(a)(1)(i) specifically instructs parties to not only identify individuals by name, but also to include the subjects of discoverable information "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

To the extent Plaintiff believes that the discoverable information such witnesses have is the *same* as identified by Defendant, Plaintiff need only confirm this in writing. Defendant has not requested that Plaintiff copy and paste the description provided by Defendant for each witness. But, to the extent Plaintiff believes such witnesses have additional or different subjects of information than disclosed by Defendant, Defendant has asked Plaintiff to identify such additional subjects. Plaintiff has improperly refused to do so. Rule 26(a)(1)(i) clearly requires this and Plaintiff should be compelled to identify the subjects of discoverable information likely held by each witness identified in Plaintiff's recent disclosures, if such subjects are different than those identified by Defendant. Accordingly, Defendant requests that the Court compel Plaintiff to identify any different or additional subjects of discoverable information—beyond those disclosed by Defendant—Plaintiff believes such witnesses hold and which Plaintiff may use to support his claims or defenses, unless the use would be solely for impeachment.

**III.** ***Plaintiff's supplemental disclosure of unnamed but anticipated expert witnesses should be stricken.***

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of experts and requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal

13

Rule of Evidence 702, 703, or 705." Rule 26(a)(2) distinguishes between experts that must provide a written report and experts that do not provide a written report, and enunciates the requirements for expert disclosures as to each. "The purpose of Rule 26(a)(2) is to require disclosure of expert testimony 'sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *3 (D. Kan. July 18, 2014) (quoting *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009)). As to timing of such disclosures, parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Here, the Court originally ordered the parties to disclose experts by July 9, 2021, and subsequently established September 3, 2021, as Plaintiff's deadline to submit any expert disclosure. Plaintiff disclosed one expert on or before September 3, 2021. At no point between his disclosure and February 16, 2022, has Plaintiff indicated he might want to disclose additional experts. Nor has Plaintiff identified any expert by name or attempted to satisfy the requirements of Rule 26(a)(2).

Because Plaintiff has had ample opportunity to find and disclose experts relating to this case, and the deadline for Plaintiff to disclose experts and for the parties to conduct expert discovery has passed, Defendant respectfully requests that the Court strike Plaintiff's attempt to reserve the ability to identify additional experts at a later date.

## Conclusion

Plaintiff's supplemental disclosures fail to comply with Federal Rule of Civil Procedure 26. For the reasons stated above, Defendant respectfully requests that this Court enter an order (1) striking subsections (b) through (m) and (n)(iii) on pages 2-4 of Plaintiff's "Update to

Plaintiff's Rule 26 Initial Disclosures," or in the alternative, compel Plaintiff to specifically identify by name, with all information required by Rule 26(a)(1)(i), the individuals Plaintiff believes have information he may use to support his claims or defenses (unless solely for impeachment), (2) compelling Plaintiff to state whether he believes the subjects of discoverable information held by individuals listed both in Plaintiff's March 9, 2022 supplemental disclosure and in Defendant's Rule 26 disclosures are the same, and if the subjects of information are *not* the same, identify the additional or different subjects of information Plaintiff believes such witnesses hold (unless Plaintiff's use of such information would be solely for impeachment), and (3) striking Plaintiff's attempt to reserve the right to subsequently identify and call additional experts.

                        Respectfully submitted,

                        DUSTON J. SLINKARD
                        United States Attorney

                        s/ *Sarah Burch Macke*
                        SARAH BURCH MACKE
                        Assistant United States Attorney
                        Ks. S. Ct. No. 25948
                        1200 Epic Center, 301 N. Main
                        Wichita, Kansas 67202-4812
                        316-269-6481 (telephone
                        316-269-6484 (facsimile)
                        Email: Sarah.Macke@usdoj.gov

                        */s/ K. Tyson Shaw*
                        CHRISTOPHER ALLMAN, Ks. S. Ct. No. 14225
                        K. TYSON SHAW, Pennsylvania Bar No. 314323
                        STEVE BROOKRESON, Ks. S. Ct. No. 28106
                        Assistant United States Attorneys
                        500 State Avenue, Suite 360
                        Kansas City, Kansas 66101
                        Ks. S. Ct. No. 14225
                        (913) 551-6730 (telephone)
                        (913) 551-6541 (facsimile)
                        Email: Chris.Allman@usdoj.gov
                        Email:  Tyson.Shaw@usdoj.gov
                        Email: Steven.Brookreson@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants, and that a courtesy copy was e-mailed to Stan Laber at 6133164129463c@gmail.com:

Stan Laber
321 S. Main Avenue
Albany, NY 12209
*Pro se* Plaintiff

                                                                s/ *Sarah Burch Macke*
                                                                SARAH BURCH MACKE
                                                                Assistant United States Attorney