| | |
|---|---|
| **From:** | Macke, Sarah (USAKS) |
| **To:** | S |
| **Cc:** | Allman, Chris (USAKS); Brookreson, Steven (USAKS); Shaw, Tyson (USAKS) |
| **Subject:** | RE: [EXTERNAL] updated 26a |
| **Date:** | Thursday, February 24, 2022 3:39:00 PM |

Mr. Laber,

We have reviewed your supplemental disclosures produced on February 16, 2022, and want to confer with you regarding (1) your witness disclosures in Section "A. Witnesses," and (2) your expert disclosures in Section "(2)(AI - Expert disclosures." Please respond with Plaintiff's position on the below items by March 2, 2022.

First, with regard to your witness disclosures, it is Defendant's position that your disclosures are inadequate in that they do not identify "by name" any witnesses except you. Your disclosures do not put Defendant on notice of any specific individual and general categories or types of people are insufficient. This concern applies to Section A, subsections b, c, d, e, f, g, i (to the extent this section applies to any person identified in "discovery or to which reference is made herein"), and j. Further, with the exception of subsection j, you do not attempt to identify the subject of the discoverable information each category of unnamed individuals purports to hold.

The failure to timely disclose witnesses under Fed. R. Civ. P. 26(a)(1)(i) can prejudice the opposing party and may lead to a party not being allowed to use that witness to supply evidence on a motion, at a hearing, or at a trial. It is Defendant's position that your categorical disclosures cause it prejudice because it cannot adequately prepare to defend this case and cannot evaluate whether the designation of any witness would cause it prejudice. Accordingly, please let us know if you will agree to supplement your disclosures to specifically identify for each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment: (1) the name of such individual, (2) if known, the address and telephone number of each individual, and (3) the subjects of the discoverable information that you may use to support your claims or defenses, unless the use would be solely for impeachment.

Second, with regard to your section on experts, Defendant objects to you identifying or introducing testimony or evidence from any expert other than Dr. Ben-Zion. The parties had an entire phase of discovery dedicated to expert discovery, and Plaintiff's deadline to disclose experts was September 3, 2021. Your recent disclosures do not specifically identify by name any experts you intend to use, but state that you *anticipate* "that additional experts may be needed to respond to or augment past reports based on future findings of the court," as well as "the need for an expert HR personnelist at trial to testify or comment on HR and personnel matters, particularly in regard to DoD, DCMA, AST, OPM, MSPB, and the EEOC." Please let us know if you intend to call any expert other than Dr. Ben-Zion, whether you are willing and able to identify the expert(s), and explain why you did not disclose such experts to Defendant by September 3, 2021.

Please let us know your position on the above issues by March 2, 2022.

**EXHIBIT**

**D**

Thank you,

**Sarah Burch Macke**
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center | 301 N. Main |Wichita, Kansas 67202
Direct: 316.269.6642
Office: 316.269.6481
Fax: 316.269.6484
sarah.macke@usdoj.gov

---

**From:** S <6133164129463c@gmail.com>
**Sent:** Wednesday, February 16, 2022 9:13 AM
**To:** Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Macke, Sarah (USAKS) <SMacke@usa.doj.gov>;
Brookreson, Steven (USAKS) <SBrookreson@usa.doj.gov>; Shaw, Tyson (USAKS)
<TShaw@usa.doj.gov>
**Subject:** [EXTERNAL] updated 26a

Counsel,
Please find my updated 26a

Respectfully,
Stan Laber
703-981-2793