UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

                Plaintiff,

vs.                                              Case No. 18-1351-JWB-GEB

                                                        Jury Trial

LLOYD J. AUSTIN III,
SECRETARY, UNITED STATES
DEPARTMENT OF DEFENSE,

                Defendant.

## Update to Plaintiff's Rule 26 Initial Disclosures

In accordance with Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff, Stan Laber, respectfully makes the following disclosures to update and replace his original disclosures as follows:

### 26 (a)(1)(A)(i) Disclosures

The name and, if known, the address and telephone number of each individual *likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

RESPONSE:

Persons likely to have discoverable information may include, but may not be limited to, the following:

    a.  Stan Laber, 321 S. Main Ave, Albany NY 12209, 702-981-2793, Plaintiff

EXHIBIT E

b. All employees and former employees of Defendant who considered, evaluated, referred, recommended, rated, reviewed, ranked, interviewed, or rejected Plaintiff who may have knowledge of Plaintiff's qualifications or allegations or Defendant's employment policies and practices related to Plaintiff's allegations.

c. Any and all persons who spoke or communicated with selecting officials, those knowledgeable of DCMA workforce statistics and OPM reporting of those statistics.

d. Any and all persons who had communications with persons described in b and c. above or were otherwise aware of the Plaintiff's allegations or actions of the persons described in b or c. above relative to Plaintiff's allegations

e. Any and all of Plaintiff's former supervisors and colleagues who may have information regarding Plaintiff's qualifications, experience, training, education, or past performance.

f. Any and all of the government human resource personnelists or selecting officials who may have knowledge of the qualifications, pay, benefits, and incentives associated with the vacancies comprising Plaintiff's allegations, or Plaintiff, or for the persons selected for the vacancies.

g. Any and all persons who have knowledge of the ESI systems associated with the funding, recruitment, tracking, administration, filling, or reporting on the hiring of persons for the vacancies associated with Plaintiff's allegations.

h. Any and all persons selected for, or who filled, the vacancies associated with the allegations may have knowledge of their qualifications, benefits, and Defendant's practices.

i. Any and all persons with knowledge of Plaintiff's qualifications or past employment performance for employment related to the vacancies in dispute.

j. Any and all persons with knowledge of Plaintiff's willingness, readiness, ability, and intent to accept and relocate for offers of employment and to mitigate his damages for CY 2015 to the present and his past history for the same.

k. Any persons familiar with Plaintiff's character, religious tenets or responsibilities.

l. Plaintiff reserves the right to identify any other persons with knowledge based on discovery or other means.

m. Any persons initially identified by Defendant, or subsequently designated by Plaintiff or Defendant in its disclosures or discovery or to which reference is made herein.

n. The following individuals identified by name (with other information if known) may provide testimony concerning their knowledge and information relative to the various charges in the second amended complaint or the above subjects:

   i. All deponees

    ii. All individuals identified by Defendant in its Exhibit A served on 2/22/2022 and as may be supplemented by Defendant and all past and future disclosures of possible witnesses.

   iii. All individuals named in the PTO.

   iv. All of Plaintiff's and Defendant's experts.

    v. Asch Sarah Panelist for Charge 13

   vi. Bahary David Boxford Baltimore, MD 21215 US

  vii. Barrales Rodrigo

 viii. Ben Zion Barry Dr.

   ix. Bennett Mark

    x. Broadnax Teresa

   xi. Brown Gina

  xii. Buchanan Charlotte

 xiii. Burton Carol

 xiv. Butera-Fanney Kathleen

  xv. Byers Kelly 148 Stonebrook drive Palmyra PA A 17078A US  Mobile 804-908-7961 Day Phone 717-272-6621 Email kellybyers928 gmailcom

 xvi.  Calabro Peter

 xvii. Calabro Peter Charge 31

xviii. Cantwell Sandra Charge 20

 xix. Card Ann

  xx. Caterisano Dan

xxi. Chappe Maria

xxii. Clark

xxiii. Clark Robert

xxiv. Coffey Minerva

xxv. Conners Gilbert

xxvi. Connors Pamela

xxvii. Davis Leslie

xxviii. Del Greco Marianne

xxix. DelGreco Domenic Charge20

xxx. Delloiacono Michael

xxxi. Erickson Bryan   Evening Phone: 410-358-5453 - Ext: Day Phone: 301-286-1185 - Ext:

xxxii. Everson Jesecah C

xxxiii. Farren Mary

xxxiv. Ferguson Paula

xxxv. Forester Debbie

xxxvi. Friel Judith

xxxvii. Gonzalez Cheryl

xxxviii. Gross Warren Charge 31

xxxix. Guerra, Roberto A Capt USAF Director of Business Operations 35 CONSCD Misawa AB Japan DSN 315 226-2624 Comm 011-81-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

xl. Guilllory Bridget

xli. Hanson Aaren

xlii. Harris Richard

xliii. Hayes Kyshia

xliv. Hayes Kyshia Charge 26

xlv. Hmurcik Gary A

xlvi. Horton Melissa

xlvii. Houtman Michelle

xlviii. Hutchinson Dane

xlix. Infante Elizabeth

l. Jansen Deborah

li. Johnson Sylvia

lii. Jones Kristopher Charge 26

liii. Kelly Eileen

liv. Kianoury Lida

lv. Kiessling Charles

lvi. King Monique

lvii. Klaverweiden Nancy

lviii. La Rue Homer

lix. Laro Kevin Charge 31

lx. Leonguerrero Karen

lxi. Linville Ruth

lxii. Lis Mark

lxiii. Lynch Beverly

lxiv. Maddox Kimberly

lxv. Mahdessian Mejia

lxvi. Marsh William

lxvii. McDaniel Charyse

lxviii. McIntyre Terrence

lxix. Meija Helen

lxx. Miller Peter

lxxi. Moffatt John

lxxii. Munz Rachel

lxxiii. Noah Melissa

lxxiv. Nonamaker Jason

lxxv. Oberle Christina

lxxvi. Owens Rachel

lxxvii. Parish Joy

lxxviii. Parrish Marcella

lxxix. Pearson Monique

lxxx. Pearson Monique Charge 31

lxxxi. Pounds Correen

lxxxii. Rainey Alaric (Dale) Alaric.D.Rainey@nga.mil

lxxxiii. Rathsack Jason

lxxxiv. Rivas Elva

lxxxv. Roberts Steven

lxxxvi. Robinson Marian D

lxxxvii. Rollins Ellerie Charge 31

lxxxviii. Romero Michelle

lxxxix. Rosenau Brian

xc. Ryals James

xci. Sherman Russell

xcii. Simpkins Pamela

xciii. Smiley Alexis

xciv. Smith Christopher Charge 31

xcv. Son Carter Charge 26

xcvi. Stevenson Cornelius

xcvii. Stierer Karen

xcviii. Stojakovich Greg

xcix. Sullivan Paul

c. Szeto Arthur Charge 20

ci. Tervonen Dale

cii. Thompson Amy

ciii. Thorton Jayson

civ. Turzillo, Elizabeth

cv. Vasken Kolancian

  cvi. Vujs Scott

  cvii. Westbrook Angela

  cviii. Westbrook Clarence

  cix. White, Paul Dr. Defendant's forensic economist expert.

  cx. White Julie

  cxi. Williams Phyllis

  cxii. Wood Amani

  cxiii. Worrell Ashley

  cxiv. Worth Linda Charge 26

## 26 (a)(1)(A)(ii) Disclosures

Copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the Defendant and that the Defendant may use to support its claims or defenses, unless solely for impeachment:

RESPONSE:

 a. Plaintiff references any and all documents produced or to be produced by Defendant.

 b. All subsequent relevant documents may be produced by Plaintiff, Defendant, or both.

    c. Plaintiff requests copies of any and all relevant documents or medical records Defendant has in its possession or has obtained by any means.

    d. Plaintiff's privileged and non-privileged files concerning this case and the administrative proceedings that proceeded this case located at Plaintiff's home at 321 S. Main Ave., Albany NY, including both privileged and non-privileged documents.

    e. Any and all of Defendant's relevant ESI and other records associated with his allegations and claimed remedies cited in his seconded amended Complaint.

    f. All records regarding applicants for the vacancies comprising Plaintiff's allegations, records and notes related to applicant evaluations, applications, education, training, experience, certifications, eligibility for appointment, references, past performance, the disposition of applicants with the notices and emails, and suitability for each applicant, tentative selectee, or person(s) who was otherwise ultimately hired to fill a vacancy which Plaintiff sought and the bases for each disposition, the date of the disposition, rejection, documents relied upon, and the identity of the person(s) who made the decision(s).

    g. All records associated with reference checks for any and all applicants for the vacancies at issue.

    h. All organization charts, statistics on employees and applicant demographics, submissions to OPM regarding DCMA workforce, no fear act, age, gender,

religion, or ADEA or Title VII complaints, seating charts, email and documents, archives information.

i. Any documents produced by Plaintiff in the course of discovery in this case.

j. Any documents produced by Defendant in the course of discovery in this case.

k. Plaintiff reserves the right to identify any other documents as they may become known.

l. Any documents produced by a third party in the course of discovery in this case.

m. Any documents published on the internet by DoD, OPM, DCMA, or EEOC.

n. All Documents identified as LABER 00000001-17561 and USA 00017562-149418).

o. All documents xx

p. All documents identified in Defendant's Supplemental Disclosures dated Document 207, Certificate of Service Filed 02/22/22 and all other 26a disclosures, including future disclosures.

### C. Computation of Damages

*A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such*

*computation is based, including materials bearing on the nature and extent of injuries suffered.*

RESPONSE:

    a. Plaintiff identifies all the categories of damages listed in his initial Complaint and Amended Complaint and EAJA.

    b. Plaintiff is currently representing himself but asserts damages for his costs and possible future attorney fees associated with this matter.

    c. Plaintiff reserves his right to supplement this report when and if he becomes aware of additional categories of damages if and when revealed during discovery.

    d. Plaintiff has provided the following damages in the most recent PTO.

    e. **Plaintiff requests the following damages, liquidated damages, and non-monetary relief:**
==The bases for Plaintiff's claims for damages and remedies for each of the 21 charges in the second amended complaint are Title VII and the ADEA, and 29 CFR. 1614, all as amended.==

Plaintiff provides the following chart for back pay which is based on OPM salary tables, DCIPS (Defense Civilian Intelligence Program) salary tables, and DSSR (Department of State Standardized Regulation) tables for allowances for duty in Israel for 27 months, the period of time the selectee served there. An excel spreadsheet will be provided to show the calculations and other assumptions.

Calculations for interest, tax bump up are based on arithmetic estimates based on Charge 02. Plaintiff intended to provide discrete damages for each charge, but the task became too complex with too many variables that could not be determined or would be too expensive for the economist to prepare. Plaintiff

reserves the right to revise the estimates as the court provides more details and Defendant updates previous discovery.

Plaintiff has agreed to limit his claim for compensatory damages to $1.00 for specific charges because he did not want to provide his private medical records (see stipulation to same) but should future information reveal he was misled in making this decision, he reserves the right to modify his agreement where warranted. [*Defendant objects to Plaintiff's attempt to reserve the right to modify his claim for compensatory damages above $1.00.*]

Similarly, if any claim for damages herein is deemed limited by the above stipulation, he reserves his right to modify the stipulation to include the specific remedy claimed. [*Defendant objects to Plaintiff's attempt to reserve the right to modify his stipulation to seek only $1.00 in compensatory damages.*]

If a claim for damages is not specifically cited herein, but is revealed in the future as one that Plaintiff would have gained, he reserves the right to modify or add the lists below. [*Defendant objects to Plaintiff's attempt to reserve the right to modify his claim for damages.*]

Should certain claims require substantiation or proof, Plaintiff agrees to provide it in a form acceptable to the court.

Plaintiff provided estimate of interest on Charge 02 but reserves the right to calculate per DFAS, OPM, or the court, whichever is the highest and more timely estimates if warranted. [*Defendant objects to this statement as the "more timely estimates" language is unclear and vague.*]

Plaintiff made reasonable attempts and applied reasonable diligence.to obtain interim employment which he has documented to Defendant and will continue to update. It includes non-federal government. [*Defendant objects to this as it appears not to be a claim for damages, but a factual contention. If Plaintiff is seeking any damages relating to this statement, they should be explicitly identified.*]

For every Charge, Plaintiff was ready, willing, able to accept any reasonable employment offer.  [*Defendant objects to this as it appears not to be a claim for damages, but a factual contention.  If Plaintiff is seeking any damages relating to this statement, they should be explicitly identified*.]

| Charge | Total CY2015-CY2023 | Estimated Economic Loss Report N1*.22480 | Estimated Backpay Plus Estimated Loss Report | Estimated Interest on Backpay N2*.22063 | BACKPAYGRAND TOTAL |
|---|---|---|---|---|---|
| Charge 02 | 764,007 | 171,745 | 935,752 | 168,562 | 1,104,314 |
| Charge 05 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 06 | 814,454 | 183,085 | 997,539 | 179,692 | 1,177,231 |
| Charge 07 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 09 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 10 | 880,260 | 197,878 | 1,078,138 | 194,211 | 1,272,349 |
| Charge 11 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 12 | 822,624 | 184,922 | 1,007,546 | 181,495 | 1,189,041 |
| Charge 13 | 1,548,867 | 348,178 | 1,897,045 | 341,725 | 2,238,770 |
| Charge 15 | 1,010,095 | 227,064 | 1,237,159 | 222,856 | 1,460,015 |
| Charge 18 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 19 | 900,530 | 202,435 | 1,102,964 | 198,683 | 1,301,648 |
| Charge 20 | 974,197 | 218,995 | 1,193,192 | 214,936 | 1,408,128 |
| Charge 23 | 812,786 | 182,710 | 995,497 | 179,324 | 1,174,821 |
| Charge 24 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 26 | 764,369 | 171,826 | 936,196 | 168,642 | 1,104,838 |
| Charge 27 | 814,454 | 183,085 | 997,539 | 179,692 | 1,177,231 |
| Charge 28 | 974,197 | 218,995 | 1,193,192 | 214,936 | 1,408,128 |
| Charge 29 | 822,624 | 184,922 | 1,007,546 | 181,495 | 1,189,041 |
| Charge 30 | 734,403 | 165,090 | 899,493 | 162,031 | 1,061,524 |
| Charge 31 | 880,260 | 197,878 | 1,078,138 | 194,211 | 1,272,349 |

Notes:

**Charge 02** economic loss is based on Dr. Ben Zion report. Charge 02 interest is based on OPM type calculator for each 2-week pay period through CY 2015 to 2023 and using IRS quarterly published interest tables. Pay is based on OPM salary tables for the location.

**Charges 05 to 31**: The column "Estimated Economic Loss" Report N*.22480 and Column "Estimated Interest on Backpay N*.22063" are calculated based on Charge 02. For example, because Charge 05 "Total CY2015-CY2023" equals 734,403, this is multiplied by N1 (to apply the same ratio for Charge 05 as was calculated for Charge 02, by Dr. Ben Zion (734,403*.22480=165,090. Similarly, N2 *734,403*.22063=162,031 is applied to estimate interest on back pay. Pay is based on OPM salary tables for the location and step 10 grade.

**Charge 13:** 2015 and 2016 rates are based on retained pay base of 112,450. Sunday premium (25% of basic for 8 hours). Pay rates are based on DCIPS IA-1102-04 tables estimates except 2017 uses a melded rate of 3 months in Israel and 9 months at DCIPS IA-1102-04.

**Charge 19:** Based on GS 11 Step 10 for 2015 and GS-12 Step 10 for years 2016-2023.

[*Defendant objects to the above chart to the extent Plaintiff does not define the terms "Estimated economic loss report N*.22" or "N*.19" or clearly identify the nature of damages sought in these columns*.]

The following categories cannot reasonably be estimated because they are dependent on future court determinations and require additional information from Defendant:

1. Additional Interest to Date of Interest Payment
2. Annual Leave (8 hours/pay period)
3. Annuity benefits (in service and benefit) and the related tax bump if lump sum payment is to be paid vice the changes in in annuity at the anticipated times.
4. Court and other costs
5. Frontpay until instatement
6. Frontpay in lieu of instatement
7. Front pay for other reasons

8. Health Savings Act (HSA) benefits that were lost
9. IRA Adjustments (Roth and regular, to include lack of opportunity to make donations to same and mandatory withdrawals for the same)
10. Losses and damages arising from prior mandatory withdrawal and disbursements from TSP and VCP accounts.
11. Merit pay and bonuses
12. OPM annuity adjustments as required by and executed by OPM for Plaintiff and theOPM operated fund,
13. Other Recruitment Incentives
14. Overtime (other than for Charge 13)
15. Permanent Change of Station (PCS) Albany NY to Instatement
16. Promotions, awards, and step increases
17. Real Estate Expenses Albany NY
18. Reimbursement for taxes on mandatory IRA disbursements
19. Reimbursement for taxes on mandatory TSP disbursements
20. Religious Compensatory Overtime
21. Retirement records sufficient to allow OPM to calculate annuity
22. Roth Adjustments (no contributions allowed without income)
23. SF-50 forms for back pay period
24. Sick Leave for the back pay period and front pay if allowed
25. Social Security Adjustments (due to retirement)
26. Step and Grade increases for back pay period
27. Tax bump up for Front pay (to be calculated when and if front pay is determined and the dates for the front pay are determined. to calculate it as this time, would be speculative because of 21 claims and promotions and dates are unknown, therefore Plaintiff reserves right to petition the court fort tax bump on front pay when those facts become known.)
28. Tax bump up for Lump Sum Annual Leave pay out if it occurs
29. Tax bump up on other payments where appropriate such as pre-judgment and post judgment interest.
30. TQSA and TQSE and MI&E associated with relocations
31. Training and Certifications
32. TSP Adjustments
33. Voluntary contributions VCP adjustments interest (10% all earnings plus interest)

The following losses are based on receipts and internet estimating tools:

| | |
|---|---|
| Cars Relocation (based on 2 cars) | 500.00 |
| Compensatory Damages | 1.00 |
| Real Estate Expenses Fairfax VA | 23,818.00 |
| Relocation (Fairfax VA to Albany NY) | 5,166.00 |
| Total | 29,485.00 |

f.

## D. Insurance Agreements

*For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

RESPONSE: NOT APPLICABLE

**(2)(A) - Expert disclosures**

Plaintiff is determining if additional expert will be necessary.

Respectfully Submitted,

*Stan Laber* (signature)

Stan Laber, Plaintiff, Pro Se

321 S. Main Ave

Albany, NY 12209

March 9, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above <u>Update to Plaintiff's Rule 26 Initial Disclosures</u>
has been emailed to Defendant on March 9, 2022

Respectfully Submitted,

*/s/ Stan Laber*

Stan Laber, Plaintiff, Pro Se

321 S. Main Ave

Albany, NY 12209

March 9, 2022