| | |
|---|---|
| **From:** | Macke, Sarah (USAKS) |
| **To:** | S |
| **Cc:** | Allman, Chris (USAKS); Shaw, Tyson (USAKS); Brookreson, Steven (USAKS) |
| **Subject:** | RE: [EXTERNAL] Update to Plaintiff's Rule 26a.pdf |
| **Date:** | Thursday, March 10, 2022 9:48:00 AM |
| **Attachments:** | 2022-03-10 Def to Laber re Updated Rule Disclosures.pdf |

Mr. Laber,

Please see the attached letter regarding your updated Rule 26a disclosures.  Please note that we ask for your position regarding the items in the letter by 9:00 a.m. tomorrow morning.

Thank you,

**Sarah Burch Macke**
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center | 301 N. Main | Wichita, Kansas 67202
Direct: 316.269.6642
Office: 316.269.6481
Fax: 316.269.6484
sarah.macke@usdoj.gov

---

**From:** S <6133164129463c@gmail.com>
**Sent:** Wednesday, March 9, 2022 10:00 PM
**To:** Macke, Sarah (USAKS) <SMacke@usa.doj.gov>; Allman, Chris (USAKS) <CAllman@usa.doj.gov>; Shaw, Tyson (USAKS) <TShaw@usa.doj.gov>; Brookreson, Steven (USAKS) <SBrookreson@usa.doj.gov>
**Subject:** [EXTERNAL] Update to Plaintiff's Rule 26a.pdf

Please find the updated 26a.  Please call if any questions.

Respectfully,
Stan Laber
703-981-2793

**EXHIBIT**

**F**



# U.S. Department of Justice

## Duston J. Slinkard
United States Attorney
District of Kansas

| | |
|---|---|
| Wichita Office | Topeka Office |
| 1200 Epic Center | 444 SE Quincy |
| 301 N. Main | Suite 290 |
| Wichita, Kansas 67202-4812 | Topeka, Kansas 66683-3592 |
| | |
| TEL   (316) 269-6481 | Kansas City Office |
| FAX   (316) 269-6484 | 500 State Avenue |
| | Suite 360 |
| | Kansas City, Kansas 66101-2433 |

March 10, 2022

*Sent via E-mail to 6133164129463c@gmail.com*

Stan Laber
321 S. Main Ave.
Albany, NY 12209

Re:     *Laber v. Austin*, No. 6:18-cv-01351 (D. Kan.)

Mr. Laber,

This letter addresses four topics relating to your updated Rule 26 disclosures served on Defendant last night (March 9, 2022):

(1) categories of unnamed individuals,
(2) witnesses identified by name, and which also appear on Defendant's Rule 26 disclosures,
(3) witnesses identified by name, and which *do not* appear on Defendant's Rule 26 disclosures, and
(4) your statement that you are still determining if additional experts will be necessary.

It is Defendant's position that your updated Rule 26 disclosures do not cure the issues with your February 16, 2022, disclosures, on which we previously emailed you about and conferred telephonically. If we cannot come to an agreement regarding the issues addressed in this letter, Defendant intends to file a motion to strike/to exclude witnesses from providing testimony. Accordingly, please let us know by 9:00 a.m. tomorrow if you will agree to the following:

(1)     Either (a) remove subsections b through m regarding witnesses or, (b) remove the "all," "any," or "any and all" language and specifically identify each witness that falls into each category.

(2)     With regard to those witnesses also appearing on Defendant's Rule 26 disclosures, confirm whether the subjects of discoverable information are the same as stated in Defendant's disclosures and if not, identify what additional information you believe such witnesses have.

(3)     For those witnesses which do not appear in Defendant's disclosures, (a) identify the discoverable information each individual is likely to have and that you may use to

1

Page 2

support your claims or defenses (unless solely for impeachment), and (b) explain why you are identifying these witnesses for the first time now, well after the close of discovery.

(4)     Remove the language attempting to preserve your ability to identify additional expert witnesses.

We address each category in more detail below.

## Categories of unnamed individuals

In our prior email and during our verbal conferral session, we explicitly noted that we object to your attempt to categorically describe types of potential witnesses, as opposed to specifically identifying such witnesses by name.  You agreed to supplement.  The supplement we received last night, however, includes even more generic categories of witnesses (11 generic categories total), with no specific names and often beginning with "any persons" or "any and all persons."  It is Defendant's position that this does not comply with Rule 26.  While you subsequently identify some witnesses by name, that does not cure the prior generic categories.

With regard to the individuals you identify by name in subsection n., beginning on page 3, you do not include the subjects of information such witnesses are likely to have and that you may use to support your claims or defenses (unless solely for impeachment).  It is Defendant's position that it is insufficient to simply say that the following individuals "may provide testimony concerning their knowledge and information relative to the various charges in the second amended complaint *or the above subjects*."  If we cannot come to an agreement on this issue, we will seek relief from the Court.

## Witnesses identified by name and which also appear in Defendant's Disclosures

With regard to the witnesses you identify by name, many are witnesses that appear in Defendant's most recent disclosures, but, it is not clear what information you believe these witnesses may have to support your claims and defenses.  For example, you have identified several witnesses that were involved in claims that have been dismissed—it is unclear to us what information you believe these individuals may have—whether it is the same as the information identified in Defendant's disclosures or something additional.  To the extent you agree with Defendant's descriptions of the discoverable information such witnesses likely have and which Defendant may use to support its claims or defenses (unless solely for impeachment), we ask that you confirm this in writing.  If, however, you believe such witnesses have *additional* discoverable information that you may use to support your claims or defenses (unless solely for impeachment), we ask that you please identify such additional information.

## Witnesses identified by name and which *do not* appear in Defendant's Disclosures

You have also identified numerous individuals not listed in Defendant's disclosures.  These include the below list.  Please let us know if you are willing to identify the likely subjects of discoverable information such witnesses have and that you may use to support your claims or defenses, and also why you are identifying these individuals for the first time now.

Page 3

(1)   Bahary, David
(2)   Broadnax, Teresa
(3)   Burton, Carol
(4)   Byers, Kelly
(5)   Connors, Pamela
(6)   Erickson, Bryan
(7)   Forester, Debbie
(8)   Friel, Judith
(9)   Houtman, Michelle
(10)  Kianoury, Lida
(11)  Kiessling, Charles
(12)  Lis, Mark
(13)  Maddox, Kimberly
(14)  Mahdessian, Mejia (is this a typo?)
(15)  Oberle, Christina
(16)  Parrish, Marcella
(17)  Rainey, Alaric (Dale)
(18)  Rathsack, Jason
(19)  Smiley, Alexis (is this a typo?)
(20)  Stevenson, Cornelius
(21)  Thompson, Amy
(22)  Turzillo, Elizabeth
(23)  Westbrook, Angela
(24)  Worth, Linda

## Experts

Finally, you also indicate that you are still determining if additional experts will be necessary.  As previously stated, we object to such a reservation and again note that it is Defendant's position an additional expert designation is untimely.   Further should we seek relief from the Court regarding the above issues, we will also ask the Court to strike this reservation.

While we understand it may take additional time to provide the supplemental information requested here, please let us know by 9:00 a.m. tomorrow morning whether you will agree to supplement as requested.

Respectfully,

*/s/ Steve Brookreson*
Steve Brookreson

*/s/ Tyson Shaw*
Tyson Shaw

*/s/ Chris Allman*
Chris Allman

*/s/ Sarah Burch Macke*
Sarah Burch Macke

*Attorneys for Defendant*