UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

STAN LABER,

                              Plaintiff,

vs.                                                            Case No. 18-1351-JWB-GEB

                                                                Jury Trial

LLOYD J. AUSTIN, III, SECRETARY,
UNITED STATES DEPARTMENT OF
DEFENSE,

                              Defendant,

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL RULE 26 DISCLOSURES**

    Plaintiff is opposed to ECF 211 motion because trial is about a year away and he expects that his witnesses may change as a result of the interim dispositive motions. If the categories are struck, Plaintiff may be prohibited from having certain witnesses at trial that have not yet been identified. Plaintiff has yet to digest the approximate 148,000 documents received by Plaintiff or contact all of Defendant's proposed witnesses. Additionally, the court has explained that the deadline for witnesses will be determined by Judge Broomes closer to the trial date.

    Additionally, Defendant writes: "*In short, Defendant wants to know if Plaintiff believes these witnesses have discoverable information that Plaintiff may use to support his claims or defenses (unless solely for impeachment) that differs from the subjects listed in Defendant's disclosures.*" Plaintiff is unable to identify the subjects in Defendant's disclosure as they are ambiguous.

Through the Q&A conferring the parties expressed their positions,

Question 1: "Will you delete the categories of witnesses in subsections (b) through (m) regarding identification of witnesses, which only categorically describe witnesses, without specific names?"

Response: "Not at this time because new witnesses in these categories may be revealed in the future. For example, this may occur in dispositive motions, responses to motions, affidavits therein or at trial. Also, because Plaintiff has not been able to read every document in the record to date, any do [sic] read may reveal either new witnesses or bases."

Question 2: "For witnesses you specifically name and which Defendant has previously named, will you confirm that the subjects of discoverable information each individual is likely to have and that you may use to support your claims or defenses are the same subjects listed by Defendant, and if not, agree to identify the additional information you believe such witnesses have?"

Response: "Not at this time, because Plaintiff has not yet been able to speak with every named witness. As previously stated, Plaintiff is agreeable to provide additional information for named witnesses but Plaintiff reserves the right to identify additional witnesses and bases that may become known at any time and through various means (dispositive motions, responses to motions, affidavits therein or at trial)."

Question 3: "For witnesses you have identified by name and which Defendant has not previously named, will you provide the information requested by Rule 26(a)(1), including the discovery information each individual is likely to have and that you

may use to support your claims or defenses (and contact information, if known), and further explain why you are identifying these individuals for the first time now?"

Response: "Yes. Plaintiff will still reserve the right to ask any witness at trial any question that is relevant regardless of Defendant's or Plaintiff's disclosure that identifies the expected testimony and subject area of testimony for that witness."

Question 4: "Will you remove the language attempting to preserve your ability to identify additional expert witnesses?"

Response: "Not at this time because the need for another expert may arise in dispositive motions, responses to motions or affidavits therein, or at trial. Also, because Plaintiff has not been able to read every document in the record to date, any document he does read may reveal the need for another expert in a different subject area requiring different expertise. Also, because of the time that has passed, additional forensic economist expertise may be needed again."

　　Defendant's motion improperly conflates the FRCP terms requiring disclosures related to witnesses.  Defendants believes that Plaintiff is required to provide the name and other personal information if known, but must additionally identifying the "subjects of information" held by each named witness.  Plaintiff maintains that he is required to provide both names and subjects but not the subjects associated exclusively for each name.  Facially, Plaintiff's interpretation is the only possible interpretation.

The word "each" only appears once, Defendant infers that "each" applies twice, once for names and again for "subjects":

### 26 (a)(1)(A)(i) Disclosures

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

To infer Defendant's interpretation, the rule would need to read:

### 26 (a)(1)(A)(i) Disclosures

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information <u>held by each individual.</u>

Since the former version is the correct version, Defendant's motion must fail.

> 2. In regard to the above titled charge in Plaintiff's amended complaint, identify all individuals you expect to testify on your behalf at any trial or hearing on the allegations in this case, including the general topics upon which you expect such individual(s) to testify.
>
> ANSWER: Defendant will supplement its answer to this interrogatory as appropriate and to comply with any discovery or pre-trial disclosure deadlines set by the Court. Currently, Defendant expects that the following individuals may testify on behalf of Defendant:
>
> Mystee Davis, Teresa Latham, Leslie Davis, Rachel Ridens Nelson, Paula Ferguson, and Sarah Wallo may testify, from an HR perspective, as to the process for preparing a job vacancy, preparing referral lists, and the actions of HR individuals in conjunction with filling a job vacancy.
> Scott Vujs may testify regarding the process utilized to determine which, if any applicant, would be selected to fill the vacancy, why the vacancy was ultimately cancelled, and the qualifications for the position.
> Melissa Horton, Richard Harris, Constance Goodwin, Barbara Berryman, and Clinton Covert may testify as to the EEO process, as well as Plaintiff's February 27, 2015 EEO Complaint, and the investigation thereof.
> Kathleen Butera Fanney may testify regarding the effect of Plaintiff's status as a federal civilian annuitant.
> Linda Desjarlaif may testify regarding the medical/dental examinations and requirements to perform this position, as well as the process for obtaining medical/dental clearance to deploy.

Notably, DEFENDANT'S RESPONSE TO PLAINTIFF'S PHASE TWO FIRST SET OF INTERROGATORIES dated 09/02/2020, shown above, answering an inquiry about witnesses, states multiple names for multiple subjects: For example, "*Melissa Horton, Richard Harris, Constance Goodwin, Barbara Berryman, and Clinton Covert may testify as to the EEO process, as well as Plaintiff's February 27, 2015 EEO Complaint, and the investigation thereof.*'

    If Plaintiff names or discloses Mr Harris or Ms. Horton, he would expect each to minimally discuss how access to the electronic system for uploading documents to produce the ROI (Report of Investigation) is controlled but firmly believes other subjects will be needed for trial.  Neither party nor the court could fathom whether "investigation" would subsume security access to the ROI building software or vice versa.

Similarly, Defendant's 26 (a)(1)(A)(i) Disclosures states that "Subject(s) of Discoverable Information" for Mr. Harris and Melissa Horton are identical:

| | |
|---|---|
| Richard Harris | This witness served in an EEO capacity at the relevant time and has information relating to Plaintiff's EEO Complaint and exhaustion thereof. |
| Melissa Horton | This witness served in an EEO capacity at the relevant time and has information relating to Plaintiff's EEO Complaint and exhaustion thereof. |

*This witness served in an EEO capacity at the relevant time and has information* relating to Plaintiff's EEO Complaint and exhaustion thereof."  This disclosure reveals nothing because Defendant uses meaningless undefined labels of "EEO capacity", EEO Complaint, and exhaustion."  See above from Exhibit A dated 02/22/2022.  Here again, neither a party nor

the court could determine if there is any overlap as to what these two witness could testify to relative "subjects of information".

Additionally, Defendant wants to know if Plaintiff believes these witnesses [assuming this refers to Plaintiff's witnesses] have discoverable information that Plaintiff may use to support his claims or defenses (unless solely for impeachment) that differs from the subjects listed in Defendant's disclosures.
Plaintiff maintains that he has no obligation to evaluate Defendant's disclosures to arrive at differences.  Even if Defendant does the evaluation, Plaintiff cannot be held to or controlled by Defendant's subjects.

Defendant also conflates the words "subject", "category", and "Defendant wants to know if Plaintiff believes these witnesses have discoverable information".  Defendant uses the terms as though they are all equal even though "discoverable information" is not a subject or a category at all. Nor should plaintiff be required to state now which witness might discuss honesty and which one might discuss a different character trait.

Finally, Defendant misses the target.   For example, Plaintiff has put Defendant put on notice that he may use a character witness. That by itself should be sufficient because Plaintiff cannot reasonably inquire as to the availability of say 20 individuals when in fact not even one could commit to being available a year from now.

Plaintiff would be severely disadvantaged if the motion were granted because he would be prematurely foreclosed from proposing any additional witnesses. Clearly, Plaintiff has met the requirement and the motion should therefore be denied.

Respectfully Submitted, March 30 2022.

*Stan Laber*

March 30, 2022.
Stan Laber, Plaintiff, Pro Se
321 S. Main Ave
Albany, NY 12209

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above has been submitted to the court clerk for distribution.

Defendant on March 30. 2022.

Respectfully Submitted,

*Stan Laber*

Stan Laber, Plaintiff, Pro Se
321 S. Main Ave
Albany, NY 12209