# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STAN LABER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-1351-JWB-GEB |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATIONS
## AND ORDERS
## ON PRETRIAL CONFERENCES

**Notice**: Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

This matter is before the Court on the parties' proposed pretrial order and subsequent discussion. On March 11 and 22, 2022, the Court held two pretrial conferences in this matter. At each conference, plaintiff Stan Laber appeared personally. Defendant U.S. Department of Defense appeared through counsel, Sarah Macke, Tyson Shaw, Steven Brookreson, and Christopher Allman. Given the disputes contained in the parties'

proposals, the Court made oral and written rulings regarding the final Pretrial Order which it explains briefly herein. (Pretrial Order, ECF No. 215.)

## I. Background

The nature of this litigation has been explored extensively in prior orders and will not be repeated. (*See, e.g.,* Mem. and Orders, ECF Nos. 137, 138, 194, 204.) Summarily, Plaintiff is a retired federal civilian employee who formerly worked for numerous Department of Defense ("DOD") agencies, including the Defense Contract Management Agency ("DCMA"), the Department of the Army, and others. Following his retirement, Plaintiff applied for multiple positions with various federal agencies, including DCMA, and was not hired. Plaintiff's claims allege unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §§ 621, *et seq*.

Plaintiff filed this case more than three years ago on December 26, 2018. Since then, the undersigned entered four phased scheduling orders. The Phase I Scheduling Order (ECF No. 30, Aug. 30, 2019) focused on discovery generally limited to those claims for which Defendant planned to file an early dispositive motion. The Phase II Scheduling Order (ECF No. 60, Mar. 26, 2020) focused on written discovery, establishing a September 15, 2020 deadline for written discovery and setting a status conference to discuss a later deposition schedule. A Phase III Scheduling Order (ECF No. 100, Sept. 16, 2020) focused on completion of written discovery and fact depositions. The final Phase IV Scheduling Order (ECF No. 157) intended to round out the completion of expert and any necessary

follow-up discovery, with an initial goal of completing discovery by July 9, 2021. A conference set for July 13, 2021, was intended to address pretrial conference deadlines; however, discovery disputes derailed that goal and multiple conferences and written briefing and opinions ensued.[1]

As the deadline for pretrial conference approached, the parties sought additional time to submit a draft pretrial order to the undersigned U.S. Magistrate Judge. (Order, ECF No. 206.) On March 1, 2022, the parties submitted the first of multiple drafts of the proposed pretrial order.[2] On March 11, 2022, the first pretrial conference was held. (Order, ECF No. 209.) After a review of the disputes contained in the initial draft pretrial order, and the considerable length of the pretrial order, the undersigned ordered the parties to "carefully and succinctly revise the proposed pretrial order as discussed" and provide a revised draft to the Court by March 18.

On March 22, 2022, another pretrial conference was held. During this conference, the Court discussed each dispute of the parties, and its own concerns, regarding the content of the proposed pretrial order. A number of preliminary rulings were discussed, but the undersigned again ordered the parties to take note of the discussions and again revise the proposed pretrial order accordingly. (Order, ECF No. 213.) On March 25, 2022, defense counsel submitted the parties' revised draft pretrial order to the undersigned, and it

---

[1] *See, e.g.*, Order on Conference (ECF No. 175, 7/13/21); Order (ECF No. 178, 8/19/21); Motion to Compel (ECF No. 179); Order on Conference (ECF No. 183, 9/14/21); Mem. and Order (ECF No. 194, 10/21/21); Motion for Review (ECF No. 196); and Mem. and Order (ECF No. 204, denying motion for review).

[2] Email from attorney Sarah Macke to ksd_Birzer_chambers@ksd.uscourts.gov (Mar. 1, 2022 at 1:02 p.m.) (maintained in chambers file).

contained many of the same objections and disputes, as well as some new disputes. Given the considerable number of conferences this Court has conducted in this matter,[3] and the discussions held specifically regarding the proposed pretrial order, the Court finds it necessary to now enter its own Pretrial Order, simultaneous with the filing of this Order, and explain its decisions herein.

## II.     General Legal Standards on Pretrial Order Disputes

"When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[4]  However, if a new "claim or defense appear[s] for the first time in the pretrial order, it is incumbent upon [the opposing party/counsel] to meticulously examine the order, taking exception, if necessary, to the additions, and recording their objection in the pretrial order."[5] And, though the Court does not generally expect to see new claims or defenses not contained in the pleadings to appear in the pretrial order, it requires the Court to then engage in an analysis to determine whether the objecting party is unfairly deprived of notice, discovery, or the opportunity for motion practice.[6] Here, the parties' various objections to the pretrial order "prompt[s] an inquiry into whether . . . the objecting party received adequate notice"[7] of the additional claims.

---

[3] As noted in the most recent Memorandum and Order authored by the undersigned, as of October 2021, the undersigned had held at least 15 conferences to discuss scheduling, status, motions, and discovery disputes. (*See* Mem. and Order, ECF No. 194, n. 2.) Since the writing of that opinion, the Court has held four more conferences. (*see* ECF Nos. 183, 201, 209, 213.)

[4] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.,* 810 F.2d 968, 973 (10th Cir.1987); Fed. R. Civ. P. 16(e)).

[5] *Id.* at 1216.

[6] *Id*. at 1215.

[7] *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019).

Although the pleadings are certainly one source of notice to the parties of the pending claims and defenses,[8] the Tenth Circuit Court of Appeals has also "recognized that the discovery process can also provide adequate notice of factual allegations not specifically mentioned in" the pleadings.[9] "As a general rule, a [party] should not be prevented from pursuing a valid claim [or defense] just because [he or she] did not set forth in the [pleadings] a theory on which [he] could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining [its] defense upon the merits."[10]

## III. Discussion of Disputes Presented in Parties' Proposed Pretrial Order

Each dispute which either remained in the final Pretrial Order, or was removed by the undersigned, is described below utilizing both the parties' most recent proposed order and the Court's filed Pretrial Order.

### A. Plaintiff's Objections to Defendant's Factual Contentions

On page 29 of the parties' final proposal, page 28 of the final Pretrial Order (ECF No. 215), Plaintiff objected to Defendant's "use of the word 'purportedly' and its negative connotation" when describing Plaintiff's applications for DOD positions. Plaintiff suggested his own neutral summary of the positions he held as a civilian employee for the federal government and his various job applications. After review, the Court strikes the word "purportedly" from Defendant's contentions as unnecessarily argumentative, and

---

[8] *Id*. (citing *Matthews v. Bergdorf*, 889 F.3d 1136, 1144 (10th Cir. 2018)).
[9] *Id*. (citing *Okland Oil Co. v. Knight*, 92 F. App'x 589, 602 (10th Cir. 2003) (unpublished)).
[10] *Id*. (citing *Evans v. McDonald's Corp.,* 936 F.2d 1087 (10th Cir. 1991)).

otherwise allows Defendant to state its own factual contentions without revision by Plaintiff.

On page 30, the first paragraph of Defendant's contentions in the parties' proposed order, and page 29 of the final Pretrial Order (ECF No. 215), Plaintiff disagreed with Defendant's use of the numbers "44" and "43" and the word "most" as being inaccurate and ambiguous, respectively. He also objected to the word "each" in the contention, "Defendant had legitimate, non-discriminatory and non-retaliatory reasons for its decisions during the hiring process for each vacancy at issue." **The Court overrules these objections**. At this stage, each party is permitted to state their factual contentions from their separate points of view, and it is inappropriate for Plaintiff to attempt to edit Defendant's position in this fashion.

In Defendant's factual contentions regarding Charge 2, Plaintiff asserted a number of objections. He objected to Defendant's use of the words "impact" and "or" in the fourth sentence. He also objected to Defendant's contention that "Lt. Moffatt and Aaren Hanson would not have recommended Mr. Laber for selection absent any input from Mr. Yee" and that the selection panel's recommendation was a "suggestion." (*See* page 30-31 of the parties' proposed order, and page 29-30 of the final Pretrial Order (ECF No. 215.) Plaintiff argues if Mr. Bennett viewed the recommendation as a mere informal and irrelevant "suggestion" rather than the official panel recommendation described by the 30(b)6 witness and Defendant's reasons for rejecting Plaintiff, then Plaintiff was misled and requests new discovery to deal with this significant change. (Parties' proposed order, page 30-31.) During the March 22, 2022 pretrial conference, the Court heard argument from both parties

regarding Plaintiff's objections. The undersigned found in this longstanding case where considerable discovery has been undertaken, Plaintiff is not unduly prejudiced or surprised regarding these contentions. Furthermore, the parties will have the opportunity to present renewed arguments and evidence during their Fed. R. Civ. P. 56 briefing and potentially at trial to refute one another's allegations. As stated in the March 22, 2022 conference, the **Court overrules Plaintiff's objections** to Defendant's factual contentions regarding Charge 2 and removes said objections from the Pretrial Order.

### B. Defendant's Objections to Plaintiff's Factual Contentions and Legal Claims

#### 1. Disparate Impact

In Plaintiff's factual contentions, page 24 of the parties' proposed order, and page 24 of the final Pretrial Order (ECF No. 215), Plaintiff included a contention related to a "disparate impact" claim on "every charge" where he claims "applicants not of his protected statuses were treated more favorably." Plaintiff also includes in his Legal Claims (page 41 of the parties' proposed order; page 40 of the final Pretrial Order) a statement that he "relies on the theories of Disparate Treatment . . . based on Title VII and ADEA for every charge." Defendant objects on the bases that this is beyond the scope of the disparate impact claims authorized by the Court in the March 22 conference. Defendants argues Plaintiff does not state whether his disparate impact claim arises under Title VII or the ADEA and that at no point has Plaintiff articulated a specific identifiable employment practice or policy that caused a disparate impact on a protected group. Plaintiff's Second Amended Complaint alleges disparate impact as a result of questions asked during

interviews, including questions directed at his age, and questions to "external candidates who were unfamiliar with the unique local jargon and practices." (ECF No. 141 at ¶52.) Defendant also contends Plaintiff failed to provide a short paragraph, as suggested by the undersigned, to summarize the basis for his disparate impact claim.[11]

During the March 22 conference, the undersigned and parties discussed Plaintiff's disparate impact claims at great length. Plaintiff agreed his disparate impact claims should be limited to those charges for which he was interviewed. Because external candidates unfamiliar with local jargon is not a protected category under either Title VII or the ADEA, Plaintiff has failed to state a claim for disparate impact on the basis of those facts. However, Plaintiff does state a claim, however minimal, for disparate impact on the basis of his age under the ADEA, such that the parties can address it more fully in the Rule 56 motions. Because the facts provided in his pleadings and those provided in his contentions make clear the interview itself was the basis for his disparate impact claim,[12] the Court **RECOMMENDS** narrowing Plaintiff's disparate impact claims to his ADEA claims and only those positions/Charges for which he was interviewed; namely, Charges 2, 5, 11, and 15.

---

[11] Email from Sarah Macke, March 25, 2022 at 2:48 p.m., maintained in Chambers file; *see also* Defendant's comments in the parties' proposed pretrial order, page 41, maintained in Chambers file.
[12] *See, e.g.*, Pretrial Order, ECF No. 215, Charge 02, page 16, ". . . the interview had a disparate impact on his selection."

### 2. Failure to Accommodate

In the parties' proposed pretrial order, Plaintiff adds a claim for failure to accommodate for "each charge in the second amended complaint." (Parties' proposed order, pages 41-42; final Pretrial Order, ECF No. 215 at 41.) Defendant objected, arguing the word accommodation appears once in Plaintiff's Second Amended Complaint and cannot possibly have placed Defendant on notice that he intended to pursue a claim for "failure to accommodate" in relation to each Charge. Defendant also maintains it is unclear whether Plaintiff is alleging that Defendant intentionally discriminated against him because of his need for an accommodation, or if Plaintiff requested an accommodation in the hiring process, which he claims was denied.

During the March 22 conference, the parties discussed the accommodation allegations at length. In the Second Amended Complaint, Plaintiff states during the interview process, he mentioned his Jewish Sabbath observance, thus informing selection officials of his religion and "possible need for accommodation." (ECF No. 141 at ¶85.) Therefore, during the conference, the Court required Plaintiff to limit his legal claims for failure to accommodate to his Title VII religion claims and those Charges for which he was interviewed: Charges 2, 5, 11, and 15. In the parties' most recent proposed pretrial order, Plaintiff reiterated his intent to pursue a failure to accommodate claim for all charges. For the reasons stated herein, the undersigned **RECOMMENDS**[13] Plaintiff's accommodation

---

[13] Under Fed. R. Civ. P. 72(b), on a case or claim-dispositive matter, a magistrate judge must issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding removal of this claim.

9

claims be limited to his Title VII religion claims and those Charges for which he was interviewed: Charges 2, 5, 11, and 15.

### 3. Pattern and Practice Claim

In the parties' proposed pretrial order(s), Plaintiff includes a "pattern and practice" claim in Section 4.a of his Legal Claims. Defendant objects, arguing Plaintiff's Second Amended Complaint does not allege a pattern and practice claim in his lawsuit. Defendant also reasons it is well established in this jurisdiction that the pattern or practice method of proof is available only to the government and in class actions. As discussed during the March 22 conference, the undersigned Magistrate Judge agrees. Plaintiff suggests no pattern/practice claim in his Second Amended Complaint. And, as noted by Defendant, courts have "conclude[d] that the pattern or practice method of proof is available only to the government and class actions. . . . The Supreme Court, however, has not extended this method of proof to claims brought by individual plaintiffs."[14] For these reasons, the undersigned **RECOMMENDS**[15] Plaintiff's pattern and practice claims be removed from the final Pretrial Order.

### 4. Corporate Liability/Agency claims

In Section 4.a (Plaintiff's Legal Claims) of the parties' proposed pretrial order(s), Plaintiff seeks to include the following statement:

---

[14] *Semsroth v. City of Wichita*, 304 F. App'x 707, 715 (10th Cir. 2008).

[15] Under Fed. R. Civ. P. 72(b), on a case or claim-dispositive matter, a magistrate judge must issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding removal of this claim.

> For all charges, Plaintiff relies on the theories of Disparate Impact, Disparate treatment, Failure to accommodate, Retaliation, and Pattern and Practice *as Direct and indirect Corporate (DCMA) liability as separate from those above which are normally attributed to Defendant* (Head of the Secretary of Department of Defense) (emphasis added).

Defendant objected to Plaintiff's statement regarding "direct and indirect corporate (DCMA) liability" as a separate theory. Defendant contends the statement is vague and confusing, and a litigant challenging a personnel action involving a federal agency, such as Defendant, may only name as a Defendant the head of the applicable agency.

As discussed during the March 22 conference, this Court recommends sustaining Defendant's objection in this regard. It is entirely unclear why Plaintiff contends the corporate liability of the Defense Contract Management Agency (DCMA), his prospective employer—which is required to be named through the head of the agency—is distinct from his other theories. For example, Title VII, 42 U.S.C. § 2000e-16(c) makes clear a federal employee claiming discrimination "may file a civil action as provided in section 2000e-5 . . . in which civil action the head of the department, agency, or unit, as appropriate, ***shall be the defendant***." (emphasis added.)  Furthermore, "[i]ndividuals may not be held personally liable under Title VII, the ADA, the Rehabilitation Act, or the ADEA," and therefore there appears to be no distinction necessary in this matter regarding corporate liability as a matter

11

of law.[16] For these reasons, the undersigned Magistrate Judge **RECOMMENDS**[17] the removal of Plaintiff's statement regarding "direct and indirect corporate liability" noted above.

### 5. Other Disputed Contentions/Legal Claims

In Section 4.a, paragraph 4 of the parties' proposed pretrial order, Plaintiff claimed "Defendant rejected (failed to hire) Plaintiff in violation of *the ADEA*, specifically, *by discriminating against him because of his gender* (male) in those instances where females were treated more favorably for Charges 2, 5, 11, 12, 13, 15, 24, and 27 in the amended complaint" (emphasis added). Defendant objects to Plaintiff's suggestion that he was discriminated against under the ADEA due to his gender. The Court upholds Defendant's objection, as there is clearly no gender claim available under the ADEA, and presumes Plaintiff intended to name Title VII in this section of the legal claims. **The Court replaces "ADEA" with "Title VII" in this section of the Legal Claims**.

Additionally, on page 43 of the parties' proposed pretrial order, Plaintiff included the following information regarding the witnesses he intends to call at trial:

> Plaintiff intends to call approximately 3-6 witnesses for each of the 21 charges, plus Mr. Harris, Ms. Horton, Ms. Kianoury, Ms. Pounds, various personnelists and their supervisors at AST, one or two Plaintiff character witnesses, witnesses regarding Plaintiff's mitigation of damages and

---

[16] *See, e.g., Murphy v. Board of Educ. of Rochester City School Dist.*, 273 F. Supp. 2d 292 (W.D.N.Y. 2003); *see also Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) reiterating "personal capacity suits against individual supervisors are inappropriate under Title VII" and holding the individual defendants may not be held liable for discrimination or retaliation in violation of the ADA).

[17] Under Fed. R. Civ. P. 72(b), on a case or claim-dispositive matter, a magistrate judge must issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding removal of this claim.

>willingness to work, willingness to relocate. applicants for whom Plaintiff needs to establish or confirm their ages, religions, and prior protected activities or treatment by Defendant, and Defendant's witnesses identified to date, and newly identified during summary judgment by either party. Plaintiff will provide the names of the witnesses and their expected testimonies at the time ordered by the court. Plaintiff believes trial will require 30 days.

Defendant objected to Plaintiff's intent to call Ms. Kianoury, DCMA counsel assigned to the defense of this lawsuit, as a trial witness, and objected to Plaintiff calling any witnesses not properly disclosed under Rule 26. At this stage of proceedings, Plaintiff's intended witnesses are not necessary for inclusion in the pretrial order as they will be formally disclosed at a later date in accordance with the District Judge's trial order. Though Plaintiff is reminded of his duty to supplement his disclosures under Fed. R. Civ. P. 26(e)(1), and the topic of his supplemental disclosures is addressed in other briefing currently before the Court (*see* ECF Nos. 210, 214), the undersigned **removed this language** from page 42 of the final Pretrial Order for these reasons.

### C. Plaintiff's Objection to Defendant's Defenses

In Section 4.b of the proposed pretrial order, Plaintiff objects to "each [stated defense] because they are new defenses for which Plaintiff has not had the opportunity to conduct discovery and were not in Defendant's response to any complaint at any time and it is not clear as to which defenses apply to which charges." During the March 22 conference, the undersigned discussed this objection with the parties. Defendant contended Plaintiff does not specify which enumerated defense(s) he objects to, and all listed defenses were contained in Defendant's Answer to the Second Amended Complaint (ECF No 145). The Court agrees with Defendant. On review of Defendant's Answer, the defenses listed

13

in the Pretrial Order do not differ significantly from those defenses included in Defendant's pleadings; therefore, the Court finds no undue prejudice or surprise to Plaintiff which would prevent their inclusion in the final Pretrial Order. **Plaintiff's objections have been removed from the final Pretrial Order**.

### D.     Defendant's Objection to Plaintiff's Damages

In section 5.a of the parties' proposed pretrial order, Plaintiff included the following language:

> If a claim for damages is not specifically cited herein, but is revealed in the future as one that Plaintiff would have gained, he may ask the court for permission to modify or add to the lists below.

Defendant objected to Plaintiff's "attempt to reserve the right to modify his claim for damages." Following discussion during the March 22 pretrial conference, the undersigned U.S. Magistrate Judge sustained Defendant's objection, finding both that at this phase of the litigation, Plaintiff's categories of computed damages should be concrete, and Plaintiff is not precluded from adjusting his calculations as his alleged damages continue to accrue. For these reasons, Defendant's objection was sustained, and the undersigned **RECOMMENDS**[18] this paragraph be removed from the final Pretrial Order. (ECF No. 215, Section 5.a, p. 44)

The Court also notes that the parties' earlier iterations of the proposed pretrial order contained a significant number of Excel spreadsheets, outlining Plaintiff's categories of

---

[18] Under Fed. R. Civ. P. 72(b), on a case or claim-dispositive matter, a magistrate judge must issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding removal of this claim.

damages and methods of calculations for the various damages associated with each separate charge. The Court expected, and assumes, Plaintiff has provided these spreadsheets to Defendant as supplemental disclosures as directed in the March 22 conference, and commends Plaintiff for his significant work in condensing those many pages of calculations to the now-succinct tables contained in Section 5.a of the final Pretrial Order.

## IV. Conclusion

For the above reasons, **IT IS THEREFORE ORDERED** and **RECOMMENDED** that the Pretrial Order be modified as noted above. The Pretrial Order will be filed simultaneously with this opinion.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of April, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
