UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

      Plaintiff,

vs.                                                      Case No. 18-1351-JWB-GEB

LLOYD J. AUSTIN, III, SECRETARY,
UNITED STATES DEPARTMENT OF
DEFENSE,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the Defendant's Motion to Strike Portions of Plaintiff's Supplemental Rule 26 Disclosures related to vague references to witnesses including expert witnesses. (**ECF No. 210.**) In this instance, Defendant argues Plaintiff has not complied with the requirements of Federal Rule of Civil Procedure 26(a), ("Rule 26.") Defendant further argues the deadlines to disclose experts has passed, and discovery is now closed. For reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Strike Portions of Plaintiff's Supplemental Rule 26 Disclosures.

1. **Background**[1]

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint and Answer. This background information should not be construed as judicial findings or factual determinations.

Plaintiff brought his employment claims based upon violations of 42 USC §2000e ("Title VII") and 29 USC §621, ("ADEA.") The Defendant has denied any wrongdoing and alleges all employment decisions regarding the Plaintiff were made on legitimate, nondiscriminatory factors.

Due to the number of claims, and the fact that Plaintiff is proceeding pro se, the Court, at the outset, established phases for discovery. Phase I was limited to proceed primarily on 14 of the Plaintiff's claims which were subject to a dispositive motion.[2] Phase II discovery commenced on March 26, 2020, and allowed the parties to begin written discovery.[3] Following several discovery conferences, the parties moved to Phase III discovery on September 16, 2020. Phase III permitted the parties to conduct fact depositions. Following additional discovery related conferences, Phase III closed on May 21, 2021.[4] Phase IV then proceeded, which allowed for expert discovery and any remaining discovery that needed to be completed.[5] Plaintiff's Initial Rule 26 Disclosures, submitted on August 20, 2019, were first supplemented on February 24, 2022, and updated on March 9, 2022.

## II.  The Parties' Arguments

The dispute between the parties is fairly simple.  Defendant claims Plaintiff failed to properly disclose all the information with regard to his witnesses as required, in violation of Rule 26**.**  Despite the ability to conduct discovery in four phases, and as the court

---

[2] ECF 30.
[3] ECF 60.
[4] ECF 100 and ECF 157.
[5] ECF 157.

2

understands Plaintiff's position, he contends he has not had sufficient time to review documents produced by Defendant in order to supplement his disclosures as requested. Plaintiff further argues he is not required to provide specific names of each and every witness and the subject of each and every witnesses' testimony.

### III. Compliance with D. Kan. Rule 37.2

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26-37…unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." Based upon the Court's review of their efforts as set forth in Defendant's Motion to Strike Portions of Plaintiff's Supplemental Rule 26 Disclosures, the Court finds the parties have complied with D. Kan. Rule 37.2 to the best of their abilities.

### IV. Discussion

The parties to this case are well-acquainted with the claims and defenses made, as well as the likely witnesses. However, such familiarity does not excuse the Plaintiff from compliance with the requirements of Rule 26(a,) which states in relevant part:

> …a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…[6]

---

[6] Fed. R. Civ. P. Rule 26(a)(1)(A)(i).

Further, interpretation of Rule 26(a) directs a party to identify individuals, not broad categories of potential witnesses and is intended to "provide sufficient detail and clarity to permit the receiving party to make informed decisions about the discovery necessary to address the specific claims directed against that party and *to prepare for trial*."[7]

The individuals who are identified in the Defendant's Rule 26 Disclosures and duplicated in the Plaintiff's Rule 26 Disclosures are properly identified.[8]  Defendant has had ample time to depose those witnesses should it have thought it necessary to delve into the specific information known by each of those individuals.

At this point in the litigation, the parties have an extensive knowledge of the facts, allegations, and evidence in this case.  Also, the categorical references described in "b-m" are most likely identified within Plaintiff's list of 110 named individuals, but the Court cannot be sure.  As such, Defendant should not have to guess, out of a minimum of 110 named potential witnesses, which does not include the categorical individuals identified in the Update to Plaintiff's Rule 26 Initial Disclosures, who Plaintiff intends to really and truly call as witnesses at trial.  This process will assist when the parties, as they get closer to trial, submit proper, and more narrowly defined Witness and Exhibit Lists, and essence of testimony exchanges.  Thus, for now, Plaintiff shall identify the individuals referenced

---

[7] *Blair v. Transam Trucking, Inc.*, No. 09-2443, 2017 WL 367603, at *2 (D. Kan. Jan. 25, 2017) (emphasis added.) (quoting *Estate of McDermed v. Ford Motor Co.*, No. 14-cv-2430, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016)).
[8] Identified in ECF 211, Exh. E, 26(a)(1)(A)(i) section n.

in "b-m" of his Update to Plaintiff's Rule 26 Initial Disclosure he believes to have discoverable information to support his claims <u>at trial</u>.

With regard to the Plaintiff's expert designation, experts have been previously identified by both parties, and the deadline to designate experts has passed. Plaintiff was to identify any experts by September 3, 2021.[9] And, even though no new expert has been named by Plaintiff, the specific language in Section (2)(AI) which states "Plaintiff is determining if additional expert will be necessary" leaves room for interpretation that Plaintiff can designate an additional expert at any point after the entry of this Order. No additional or new experts will be allowed at this late date. Therefore, any language regarding the disclosure of additional experts shall not be interpreted to permit Plaintiff, or Defendant an additional opportunity to disclose experts.

**V. Conclusion**

For the reasons set out above, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Strike Portions of Plaintiff's Supplemental Rule 26 Disclosures as follows:

**IT IS ORDERED** Plaintiff's 26(a)(1)(A)(i) disclosures identified in sections 'b-m' of his Update to Plaintiff's Rule 26 Initial Disclosures shall be modified to include specific individuals known to the Plaintiff to have discoverable information to support his claims,

---

[9] ECF 175

along with any contact information and subject of testimony known to Plaintiff, no later than May 26, 2022.  Failure to comply could result in the court striking such references.

**IT IS FURTHER ORDERED** the language in the Update to Supplemental Disclosures, Section(2)(AI, indicating, "Plaintiff is determining if additional expert will be necessary" be stricken.

**IT IS SO ORDERED**.

Dated: May 16, 2022, at Wichita, Kansas.

s/ Gwynne E. Birzer
Gwynne E. Birzer
United States Magistrate Judge