IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

       Plaintiff,

v().                                                        Case No. 18-1351-JWB

UNITED STATES DEPARTMENT OF DEFENSE,

       Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions for leave (Docs. 236, 239) and Plaintiff's motions to seal (Docs. 238, 244). Defendant's motion for leave to file under seal (Doc. 236) is GRANTED IN PART AND DENIED IN PART. Defendant's supplemental motion for leave to substitute exhibits (Doc. 239) is GRANTED. Plaintiff's motions (Docs. 238, 244) are DENIED.

This case involves claims of employment discrimination by Plaintiff, an individual who was previously employed by Defendant United States Department of Defense. Plaintiff claims that Defendant failed to hire him for multiple positions because of his age and religion and in retaliation for his past opposition to employment practices. The parties have both moved for partial summary judgment. (Docs. 240, 243.) Both parties have now filed motions seeking leave to file under seal numerous exhibits in support of their respective dispositive motions.

The standards governing sealing court records was summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)

1

(citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

Here, the parties have moved to seal these exhibits largely based on the Privacy Act, 5 U.S.C. § 552a, which prohibits disclosure of a record about an individual from a system of records absent that individual's written consent or a court order.[1] In Defendant's first motion (Doc. 236), Defendant seeks to seal several exhibits because Plaintiff will not consent to the public filing of the employment records and Defendant is prohibited from filing these records on the public docket without a court order. In response, Plaintiff urges the court to seal the exhibits, pointing to the Privacy Act and asserting that he does not want his employment information on the public docket because it poses a security risk. (Doc. 238.) Plaintiff, however, makes no effort to identify what information in the several hundred pages of exhibits would pose a security risk.

"The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann*, 477 F.3d at 1149 (internal quotation marks and citation omitted). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 101858, at *5 (D. Kan. Jan. 10, 2007). Besides generally stating that these exhibits contain information that is subject to privacy concerns, neither party has articulated and presented facts to sustain its burden of showing significant, non-speculative harm as to overcome the presumption as to several hundreds of pages of exhibits. These employment records are central issues in this case. Defendant "makes no attempt to show the harm here to be significantly greater and more serious than that faced by many

---

[1] There are other statutory exceptions which are not relevant here.

employment discrimination plaintiffs, and 'there is no tradition of anonymous employment litigation.'" *Bullard v. Goodyear Tire & Rubber Co.*, No. 09-4024-SAC, 2011 WL 5248085, at *2 (D. Kan. Apr. 12, 2011). The court acknowledges that personnel files may contain information that when revealed could result in economic or emotional harm. *Id.* However, the burden still remains with the party seeking to file the exhibits under seal to identify how the privacy interest in this information "outweighs the public's right to know the central issues of [Plaintiff's] employment discrimination case and the evidence surrounding them." *Id.* Defendant's motion (Doc. 236) is denied as to the exhibits that concern Plaintiff's employment records.

Defendant further seeks to seal a category of exhibits that include references to third parties, which generally includes the employment applications and related documents of other applicants who applied for the positions at issue here. (Doc. 236 at 7-13.) The court has reviewed Defendant's arguments and finds that Defendant has not articulated a basis to seal these exhibits, with a few exceptions. Defendant seeks to seal Attachments II and JJ to Exhibit 4 and Exhibit 23 as they contain personal information of several applicants, including their addresses, phone numbers, email, last four of SNN, and veteran status. After reviewing the exhibits, they are a list of the applicants' names with personal information that would need to be redacted. Therefore, due to the sensitive nature of this information and the fact that there would be significant redactions in these exhibits, the court grants Defendant's motion as to Attachments II and JJ to Exhibit 4 and Exhibit 23. With respect to Exhibit 34, it contains information concerning one applicant's inability to obtain a security clearance as required for the position. Defendant asserts that this information could cause unnecessary harm to this applicant and the court agrees. Therefore, the court grants Defendant's motion to seal Exhibit 34. With respect to the remaining exhibits, however, Defendant generally states that the privacy interests concern the third parties' applications for

3

employment and Defendant's processing of those applications. Defendant does not identify how filing these exhibits on the public docket would result in harm to the third parties. Therefore, Defendant's motion is denied as to the remaining exhibits.[2]

Plaintiff has filed two motions. His first motion includes a general request of this court to allow the parties to file exhibits under seal when the documents have been marked as subject to the "privacy act" or "confidential subject to the protective order." (Doc. 238.) As the court has previously held, in order to file a document under seal, the party seeking to file a document under seal is required to identify "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citation omitted). Therefore, Plaintiff's motion is denied.

Next, Plaintiff seeks to file almost 3,000 pages of exhibits under seal. (Doc. 244.) In support of his motion, Plaintiff cites to the Privacy Act. The exhibits at issue include the administrative record, complete depositions, the final agency decision, Plaintiff's personnel records, and email exchanges. The court has reviewed Plaintiff's arguments and they do not sufficiently identify a harm from the public filing of these voluminous exhibits. Moreover, the employment records and administrative record are central to the issues in this case and the court will not wade through thousands of pages to determine whether any information contained in these exhibits should be sealed or redacted. Therefore, Plaintiff's motion to seal (Doc. 244) is denied.

The parties are reminded to redact any personal information, including social security numbers and birthdates from the exhibits. When filing further briefing, the parties are encouraged to cite to the exhibits that have already been filed on the docket instead of refiling exhibits.

---

[2] Defendant also moves for leave to substitute two exhibits due to revisions that do not impact the motion for partial summary judgment (Doc. 239). Defendant's motion to substitute exhibits (Doc. 239) is granted. Those exhibits, however, are to be filed on the public docket.

**Conclusion**

Defendant's motion (Doc. 236) is GRANTED IN PART AND DENIED IN PART. Defendant's motion to substitute (Doc. 239) is GRANTED.  Plaintiff's motions (Docs. 238, 244) are DENIED.

Defendant is granted leave to file Attachments II and JJ to Exhibit 4, Exhibit 23, and Exhibit 34 under seal.  The parties are ordered to file the remaining exhibits on the public docket. IT IS SO ORDERED.  Dated this 31st day of May, 2022.

                                             s/ John W. Broomes
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE