IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

            Plaintiff,

v.                                                                  Case No. 18-1351-JWB

LLOYD J. AUSTIN, III, SECRETARY,
UNITED STATES DEPARTMENT OF DEFENSE,

            Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 225)[1] to Magistrate Judge Birzer's Report and Recommendation and Orders on Pretrial Conference ("R&R") (Doc. 216) and Plaintiff's motion to reopen discovery (Doc. 258). The motions have been fully briefed and are ripe for decision. (Docs. 233, 259.) Plaintiff's motions are DENIED for the reasons stated herein.

**I.**    **Facts and Procedural History**

On December 26, 2018, Plaintiff, who is proceeding pro se, filed this employment action against Defendant Lloyd Austin, III, Secretary, United States Department of Defense. This action is based on a substantial number of discrete failure to hire claims, which are referred to as distinct charges in the second amended complaint. (Doc. 141.) For each discrete act of failure to hire, Plaintiff has asserted claims alleging religious, gender, and age discrimination and retaliation in violation of 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

---

[1] Plaintiff filed both an objection (Doc. 219) and a "revised objection" (Doc. 225) to the order. Because the revised objection is simply an amended objection, the court finds Plaintiff's objection (Doc. 219) moot.

1

Since this case was filed, there has been extensive discovery and motion practice. The discovery in this case proceeded in four phases. The first phase involved discovery on exhaustion of administrative remedies and concluded on November 15, 2019. After its conclusion, Defendant moved for partial summary judgment on several claims based on its exhaustion defense. (Doc. 37.) The court granted the motion in part which resulted in summary judgment on five claims. (Doc. 101.) Later, the parties stipulated to the dismissal of one count. (Doc. 112.)

The second phase of discovery involved written discovery on the merits and concluded September 15, 2020. During the second phase, Plaintiff served 67 requests for production of documents regarding the vacancies at issue and 310 interrogatories. (Doc. 137 at 16–17.) As reflected on the docket sheet, the parties litigated several issues regarding this phase of discovery (and others) and Magistrate Judge Birzer had several hearings. (*See* Doc. 194 at 3, n. 2) (detailing the number of hearings held by Magistrate Judge Birzer up to that point in discovery). In responding to Plaintiff's discovery requests the government produced more than 150,000 pages of discovery. Defendant also implemented an electronic search protocol to search the email accounts of all selecting officials, panel members, and HR specialists involved in the 31 hiring vacancies at issue in Plaintiff's original complaint.

In the third phase of discovery, fact discovery continued and included depositions. The court granted Plaintiff approximately 12 hours for the Rule 30(b)(6) depositions. (Doc. 133.) Plaintiff deposed one Rule 30(b)(6) witness and then cancelled the deposition scheduled for the second Rule 30(b)(6) witness. (*See* Doc. 169 at 8–10.) Plaintiff deposed two fact witnesses and then cancelled approximately 13 more depositions on short notice. (*Id.* at 27, 32.) The fourth phase of discovery involved experts.

Magistrate Judge Birzer conducted two pretrial conferences prior to entering the final pretrial order. (Docs. 209, 213.) On April 5, 2022, the pretrial order was entered along with the R&R which ruled on several objections to the pretrial order by both parties. (Docs. 215, 216.) As set forth in the pretrial order, Plaintiff's remaining claims involve 21 separate positions for which Plaintiff applied but was not hired by Defendant. As to those 21 positions, Plaintiff alleges that Defendant discriminated against him in violation of the ADEA and Title VII. With respect to Title VII, Plaintiff claims Defendant has discriminated against him due to his gender and religion. Plaintiff further asserts claims of retaliation under both statutes. After the entry of the pretrial order and R&R, the parties filed extensive cross motions for partial summary judgment.

Plaintiff filed an objection to Magistrate Judge Birzer's rulings with respect to the pretrial order. The government argues that this court should overrule Plaintiff's objections. (Doc. 233.) Plaintiff also filed a motion to conduct additional discovery. (Doc. 258.) The government opposes the motion on the basis that the parties engaged in extensive discovery over a period of more than three years. (Doc. 259.)

## II. Standard

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at * 1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

When a dispositive matter is ruled upon by a magistrate judge, the court is to conduct a de novo review. Fed. R. Civ. P. 72(b)(3). All of Plaintiff's objections, except for his objection to the factual contentions, will be reviewed under this standard. The objection regarding the contentions is non-dispositive and will be reviewed under the clearly erroneous standard.

**III.   Analysis**

   **A.   Objections**

Background recitation. The R&R issued by Magistrate Judge Birzer includes the following sentence in the recitation of the background facts: "Following his retirement, Plaintiff applied for multiple positions with various federal agencies, including DCMA, and was not hired." (Doc. 216 at 2.) Plaintiff objects to this statement on the basis that it is misleading and incomplete because he applied for "multiple positions with various federal agencies...throughout his career before his retirement and continued this same practice after his retirement." (Doc. 225.)

Plaintiff's objection is overruled. The statement in the order is not inaccurate as Plaintiff did apply for multiple positions after retirement. Moreover, this statement merely provides background for the order and it is not necessary for the order to include an exhaustive recitation of Plaintiff's job search throughout his career.

Disparate Impact. Next, Plaintiff objects to Magistrate Judge Birzer's recommendation to narrow Plaintiff's disparate impact claims to include only his ADEA claims as to charges 2, 5, 11, and 15. Plaintiff seeks to proceed on a theory of disparate impact as to all claims under both ADEA and Title VII. Magistrate Judge Birzer held that Plaintiff's allegations in the second amended complaint only supported a disparate impact claim under the ADEA as to certain charges because Plaintiff alleged that the discriminatory practice involved interview questions directed at a specific

4

age group.  (Doc. 216 at 8.)² Plaintiff's proposed contentions in the pretrial order did not further identify a basis for a broader disparate impact claim.

In his objection, Plaintiff asserts that he has alleged a "disparate impact" for "every charge" and "not just the interview phase." (Doc. 225 at 2.)  Plaintiff further argues that Defendant engaged in acts of retaliation based on his complaints so "every charge impacted his reject[ion] at every stage" and that he has clearly asserted that his age "impacted his reject[ion] at every stage." (*Id.* at 3.)  Based on the objection, it appears that Plaintiff is confusing the theories of disparate treatment and disparate impact.  Disparate treatment is treating a person different because of a particular trait while disparate impact discrimination involves "practices that are fair in form, but discriminatory in operation." *Lewis v. City of Chicago*, 560 U.S. 205, 211 (2010); *see* 42 U.S.C. § 2000e–2(k).  To establish such a claim of disparate impact, Plaintiff must show (a) an employment practice that (b) causes a disparate impact on a protected group.  *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1220 (10th Cir. 2013).  In making his objection, Plaintiff fails to identify facts in his second amended complaint or in the pretrial order that would establish his claims under a disparate impact theory as to every charge in his second amended complaint.  Therefore, his objection is overruled.

Pattern and Practice claim.  Plaintiff objects to Magistrate Judge Birzer's recommendation to remove his pattern and practice claims from the pretrial order.  Magistrate Judge Birzer ruled that Plaintiff could not proceed under this theory because it was not alleged in his second amended complaint and this method of proof is only available to the government and class actions.  (Doc. 216 at 10.)  In his objection, Plaintiff does not dispute that he failed to allege such a claim in his

---

² Although Defendant raised an objection to all disparate impact claims in the pretrial order, Defendant does not seek review of Magistrate Judge Birzer's decision to allow a limited number of ADEA disparate impact claims to proceed at this stage.  (Doc. 233 at 5, n. 2.)  The court will address the merits of these claims on summary judgment.

second amended complaint nor does he dispute the Tenth Circuit authority cited by Magistrate Judge Birzer. (Doc. 225 at 4.) Rather, Plaintiff contends that there is a circuit split on this issue and therefore, he should be able to proceed on his claim. Plaintiff, however, fails to cite any authority for his proposition that there is a circuit split. In any event, the Tenth Circuit has definitively ruled on this issue. *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 633 (10th Cir. 2012) (finding that an individual was barred from bringing a pattern and practice claim and discussing that the Supreme Court has "never extended [pattern and practice claims] to cases brought by individuals.")

Plaintiff's objection on this issue is overruled.

Factual contentions. Plaintiff takes umbrage with Magistrate Judge Birzer's instruction, which likely occurred during the exchange of drafts, to reduce the number of factual contentions in the pretrial order. Plaintiff "believes he was remiss in following" her instructions to reduce his contentions. (Doc. 225 at 4.) Plaintiff then includes more than twenty pages of single-spaced contentions that he seeks to add to the pretrial order.

Contrary to Plaintiff's misconception, the pretrial order does not need to include every factual allegation regarding all of Plaintiff's claims. In fact, this court's form pretrial order instructs the parties to provide a concise narrative statement and includes an express instruction to refrain from reciting every factual nuance to be presented at trial. Plaintiff has already included sixteen single-spaced pages of contentions in the pretrial order. Plaintiff has not shown that these additional pages are necessary to preserve his claims. Plaintiff's objection is overruled.

Defendant's defenses. Plaintiff objects to Magistrate Judge Birzer's recommendation that Defendant's defenses were preserved. In the pretrial order, Defendant identified twenty-six separate defenses. Plaintiff objected to all of the defenses on the basis that they are "new," were

not in "Defendant's response to any complaint," and Plaintiff did not have the opportunity to conduct discovery on these defenses. (Doc. 216 at 13.) Magistrate Judge Birzer reviewed Defendant's answer and the pretrial order and determined that the defenses were not significantly different; therefore, she found no undue prejudice or surprise to Plaintiff. (Id. at 14.)

Plaintiff objects to this ruling. In his objection, Plaintiff contends that the ruling was error because Defendant's answer only contained sixteen defenses and the pretrial order contained twenty-six. Plaintiff, however, fails to specifically identify any defense that is significantly different than those contained in the answer. As Defendant has explained, some defenses contained in the answer have been broken down into one or more defenses. (*See* Doc. 233 at 8.) Plaintiff has failed to identify how Magistrate Judge Birzer erred in her ruling; therefore, his objection is overruled.

Damages. Finally, Plaintiff objects to Magistrate Judge Birzer's recommendation to delete language from his damages' section. Specifically, Plaintiff included the following sentence in the draft pretrial order: "If a claim for damages is not specifically cited herein, but is revealed in the future as one that Plaintiff would have gained, he may ask the court for permission to modify or add to the lists below." (Doc. 215 at 44.) Defendant objected to Plaintiff's attempt to reserve the right to modify his damages. Magistrate Judge Birzer sustained the objection noting that "Plaintiff's categories of computed damages should be concrete, and Plaintiff is not precluded from adjusting his calculations as his alleged damages continue to accrue." (Doc. 216 at 14.)

Plaintiff objects to this ruling on the basis that "he cannot know what he doesn't know and he is only requesting the right to make a future request to the court if warranted." (Doc. 225 at 27.) Plaintiff has failed to show that Magistrate Judge Birzer's ruling is erroneous. Plaintiff has already identified a significant number of categories of damages and seeks more than $8 million

dollars in damages as to each charge. (Doc. 215 at 45-46.) Should Plaintiff's damages in these categories need adjustment due to the passage of time or interest calculation, Plaintiff is free to raise that issue at trial. Plaintiff, however, cannot add new categories of damages at this stage in the proceedings.

Plaintiff's objection is overruled.

B.    **Discovery**

Plaintiff has also moved to conduct additional discovery under Federal Rule of Civil Procedure 56(d). That rule provides that if a nonmovant shows by affidavit that he cannot present facts essential to justify his opposition to summary judgment the court may allow time for additional discovery or other relief. "In this circuit, a party seeking to defer a ruling on summary judgment under [Rule 56(d)] must provide an affidavit explaining why facts precluding summary judgment cannot be presented." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quotation and alteration omitted). The affidavit should address: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Id.* (quotation omitted).

Plaintiff has failed to make the required showing under Rule 56(d). Notably, Plaintiff has not submitted an affidavit in support of his motion.[3] Therefore, Plaintiff's motion can be denied on this basis. Plaintiff's motion also does not specifically identify the facts that are not available and what steps he has undertaken to obtain these facts over the past three years in discovery.[4]

---

[3] Plaintiff's response to Defendant's motion for summary judgment makes several references to an affidavit. Plaintiff, however, did not attach an affidavit to that response. Plaintiff was on notice that this affidavit was missing because Defendant contacted Plaintiff by e-mail on June 27, 2022, to inform Plaintiff that the affidavit was missing from the record and Defendant's reply brief, which was served on Plaintiff, makes several references to the missing affidavit. (Doc. 260 at 6, n. 8.)

[4] Plaintiff's response to Defendant's motion for summary judgment (Doc. 254) does identify certain facts that he allegedly cannot respond to because he needs further discovery. In support of these statements, however, Plaintiff

Rather, he states in conclusory fashion that discovery is necessary to "learn whom, what, when, where, how and why Defendant has remained silent about those vacancies." (Doc. 258 at 1.) Besides this conclusory statement, Plaintiff has failed to identify what discovery he undertook to attempt to learn this information and what additional discovery is needed. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1250 (10th Cir. 2015) (affirming denial of further discovery due to lack of specificity in motion); *Francoeur v. U.S. Bank Nat. Ass'n*, 643 F. App'x 701, 705 (10th Cir. 2016) (affirming denial of motion when party made no attempt to set forth what attempts to gather information had been made during discovery). The record clearly indicates that the parties have engaged in extensive discovery over the past three years. Therefore, without making the required showing, Plaintiff has failed to establish that additional discovery is necessary.

Further, had Plaintiff supplied the court with an affidavit and attempted to meet his burden, the court would ultimately deny this motion. The record reflects that the parties have spent significant time and effort in discovery. Plaintiff had additional opportunities to conduct depositions and Plaintiff chose to cancel those depositions. The record further reflects that Magistrate Judge Birzer was very accommodating to Plaintiff. At this time, the case needs to move beyond discovery and towards trial. Plaintiff has no basis to complain that he was not provided with the opportunity to conduct discovery related to his claims in this case.

**IV.   Conclusion**

---

cites to the missing affidavit. Although these assertions do provide the court with some specific facts that Plaintiff seeks to explore with additional discovery, this is not sufficient to meet his burden given the lack of an affidavit and the failure to identify what he did during the extensive discovery period to attempt to gain this information.

Plaintiff's objection (Doc. 225) is OVERRULED.  The court ADOPTS Magistrate Judge Birzer's R&R for the reasons stated herein.[5]  Plaintiff's motion for additional discovery pursuant to Rule 56(d) (Doc. 258) is DENIED.

IT IS SO ORDERED.  Dated this 1st day of December, 2022.

                                                 s/ John W. Broomes
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE

---

[5] Defendant has filed a motion for review pertaining to a ruling made by Magistrate Judge Birzer at the pretrial conference. (Doc. 221.) The ruling at issue in that motion is not addressed in the R&R and will be addressed by separate order.