IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

               Plaintiff,

v.                                                                              Case No.  18-1351-JWB

LLOYD J. AUSTIN, III, SECRETARY,
UNITED STATES DEPARTMENT OF DEFENSE,

               Defendant.

**MEMORANDUM AND ORDER**

This is an employment discrimination case in which a jury entered a verdict in favor of Plaintiff on his claim of retaliation. This matter comes before the court on Plaintiff's motion to alter or amend the judgment. (Doc. 346.) The motion has been fully briefed and is ripe for decision. (Docs. 347, 349.)[1] Plaintiff's motion is DENIED for the reasons set forth herein.

**I.  Background[2]**

On December 26, 2018, Plaintiff, who is proceeding pro se, filed this employment action against Defendant Lloyd Austin, III, Secretary, United States Department of Defense. This action is based on a substantial number of discrete failure to hire claims, which are referred to as distinct charges in the second amended complaint. (Doc. 141.) For each discrete act of failure to hire, Plaintiff asserted claims alleging religious, gender, and age discrimination and retaliation in

---

[1] Plaintiff filed a motion to exceed the page limits in his reply brief. (Doc. 348.) Plaintiff asserted that he needs additional pages because it is difficult for him to be succinct. Plaintiff, however, failed to identify how many additional pages he needed to address the issues. Further, as the issues in his motion have been addressed on more than one occasion throughout this action, the court finds that additional briefing is unnecessary. Plaintiff also asserts that he needs to raise an issue regarding an error in the clerk's office docketing. This issue was not raised in his initial brief and the court sees no reason to allow briefing on it. The court fully reviewed all filings in this matter when ruling on summary judgment. Plaintiff's motion to exceed the page limits is denied. The court has considered Plaintiff's reply brief which he filed in this matter after the filing of the motion to exceed the page limitations.

[2] Because this court has entered many orders in this action, much of the background is taken from those prior orders.

violation of 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

On December 1, 2022, the court granted Defendant's motion for summary judgment which disposed of all of Plaintiff's claims except for those relating to Charge 2, which involved a position of contract administrator located in Milwaukee, WI, and for which Plaintiff was interviewed in November 2014. (Doc. 270.) The order further granted Defendant's motion for summary judgment on its affirmative defense of failure to mitigate on the basis that Plaintiff voluntarily retired from his position in January 2015 and, as a result, failed to mitigate his damages. The only remaining damages left for trial were compensatory damages. The pretrial order did not seek any declaratory or injunctive relief. The court instructed Plaintiff to file a motion in limine if Plaintiff believed that some category of damages remained after the ruling. (*Id.* at 56.)

On January 10, 2023, Plaintiff filed a motion in limine which included, among other requests, a request that the court reconsider its mitigation ruling. (Doc. 280.) Plaintiff claimed that Defendant failed to meet its burden on the defense. The court heard argument on the motion. Subsequently, Plaintiff filed a renewed motion to reconsider the mitigation ruling. (Doc. 301 at 2.) The court denied the motion on February 6, the first day of trial.

At the conclusion of the evidence, Defendant moved for judgment as a matter of law on Plaintiff's claims. The court heard argument on the matter. Plaintiff then voluntarily dismissed his claim of sex discrimination under Title VII and ADEA retaliation. On the claims presented to the jury, it concluded that Defendant retaliated against Plaintiff in failing to hire him based on his prior protected activity. The jury further found that Defendant did not discriminate against Plaintiff on the basis of his religion or age.[3] (Doc. 315.) The jury declined to award compensatory

---

[3] With respect to the ADEA claim, the jury verdict was advisory.

damages. The court reserved ruling on Plaintiff's ADEA claim and requested that the parties submit proposed findings of fact and conclusions of law.

On February 24, 2023, Plaintiff moved to amend his complaint and the pretrial order to add a request for injunctive relief in the form of instatement to a position with Defendant. (Doc. 322.) On April 27, the court entered an order denying Plaintiff's motion to amend and found that Plaintiff failed to meet his burden on his ADEA claim. With respect to instatement, the court held that Plaintiff did not timely seek instatement and further declined to award the equitable relief on the basis that it was not appropriate given the facts in this matter. (Doc. 337 at 14–16.) The court entered judgment on that same date in favor of Plaintiff on his Title VII retaliation claim and awarded Plaintiff $1 in nominal damages. (Doc. 338.) The court entered judgment in favor of Defendant on all the remaining claims and requested relief.

Plaintiff now moves to alter the judgment and asserts that the court erred by: 1) failing to award millions in back pay; 2) granting summary judgment on his failure to mitigate; 3) denying Plaintiff's request for instatement; 4) by applying the wrong legal standard; 5) by refusing to strike a stipulation from the pretrial order; 6) denying the motion to compel discovery; 7) denying Plaintiff's motion to amend; 8) failing to understanding the equities regarding charge 2; 9) granting summary judgment on certain counts; 10) not allowing witnesses to be recalled; 11) denying Plaintiff's request to exceed page limits; and 12) in its finding on the ADEA claim as to charge 2.

**II.     Analysis**

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment when there is "(1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Leichty v. Bethel Coll.*, No. 19-1064-JWB, 2020 WL 3971372, at *2 (D. Kan. July 14, 2020) (citation omitted).

Here, Plaintiff asserts that his motion is based on a need to correct clear error or prevent manifest injustice. Notably, a motion under the rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995)). As discussed below, Plaintiff's motion is simply a rehash of his arguments that he has presented to this court on prior occasions.

### a. Claims regarding damages, mitigation, pretrial stipulations, and instatement

Plaintiff argues that this court erred in ruling in favor of Defendant on its defense of failure to mitigate and erred in failing to order instatement or allowing Plaintiff to amend his complaint to add a request for such relief. Plaintiff asks the court to enter an award of damages of more than $8 million dollars and instate him into the position.

On summary judgment, the court found that Plaintiff failed to mitigate his damages because he voluntarily retired from his position. In so finding, the court relied on the parties' stipulated facts and the uncontroverted evidence. The court discussed that Plaintiff contacted the DCMA's EEO office regarding the claims at issue in December 2014, which included charge 2. (Doc. 270 at 12.) This was supported, in part, by the stipulated fact in the pretrial order that stated that "on December 30, 2014, Plaintiff identified this position, among others, in an email to DCMA's EEO office as a vacancy for which he believed he had been discriminated and/or retaliated against in the hiring process." (Doc. 215 at 4.) The court further found, based on the uncontroverted facts, that Plaintiff's decision to retire was voluntary and that he made the decision to leave just days before his retirement. (Doc. 270 at 7.) The court then analyzed the affirmative defense and found that the uncontroverted evidence supported a finding that Plaintiff's decision to retire was

4

voluntary and not based on good cause. (*Id.* at 53–56.) Plaintiff failed to create a genuine dispute of material facts on these issues.

Plaintiff argues the court erred in its ruling on mitigation because, contrary to the stipulated fact, Plaintiff did not know when he retired that he had been discriminated against. Plaintiff further argues that the government tricked him into stipulating to the fact regarding his knowledge in December 2014. Plaintiff, however, failed to raise this argument in his summary judgment briefing. Rather, his summary judgment brief made no response to Defendant's arguments on mitigation and Plaintiff stated that the stipulated fact regarding his knowledge was uncontroverted. (Doc. 254 at 28.) Moreover, besides indicating that he could "not recall all of the reasons he retired but it was voluntary," Plaintiff failed to introduce any evidence regarding his decision to retire. (*Id.* at 44.) Therefore, the undisputed facts on summary judgment were that Plaintiff voluntarily retired from a position that paid more than charge 2.

Plaintiff's challenges to the court's decision on mitigation lack merit and Plaintiff has failed to show that the court erred in its rulings related to the same.

With respect to instatement, Plaintiff's argument is difficult to follow. Plaintiff argues that he should be instated to a position even though there is no vacancy. (Doc. 346 at 4.) Plaintiff also argues the court erred in finding that he had not preserved the requested relief. In denying Plaintiff's request to amend and add a request for injunctive relief, the court held that Plaintiff failed to timely request the relief and also denied the requested relief on the merits. (Doc. 337 at 14–17.) In so finding, the court extensively addressed Defendant's policies regarding the rehiring of retired annuitants. The court did not deny instatement on the sole basis that there is no current vacancy. Plaintiff has failed to show that the court erred in its decision regarding instatement.

    b.  **Legal Standard and ADEA Claim**

Plaintiff asserts the court erred in not applying the standard set forth in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020) to charge 2 because it was undisputed that Plaintiff's age was considered in the decision not to hire him. Plaintiff argues this error affected the outcome because he would be entitled to back pay and reinstatement. Plaintiff's argument on this claim is conclusory. The court discussed the legal standard under *Babb* and applied the same to Plaintiff's ADEA claim. (Doc. 337 at 10.) Notably, *Babb* clearly states that a plaintiff must show but-for causation to obtain instatement or backpay. *Babb*, 140 S. Ct. at 1174. Further, the court applied the same *Babb* standard on its ruling in summary judgment and during trial. As stated previously, the relief Plaintiff sought required him to prove but-for causation and that was the standard applied to his claims.[4]

Plaintiff has failed to show that this court erred in its ruling on Plaintiff's ADEA claim or on its application of the law during trial and on summary judgment.

### c. Remaining charges disposed of in summary judgment ruling

Plaintiff asserts the court erred in granting summary judgment on most of Plaintiff's claims regarding other positions. (Doc. 346 at 3–4.) Plaintiff then reargues the facts regarding these positions. A Rule 59(e) motion is not an avenue to revisit issues already raised or to present arguments that could have been raised at summary judgment. *Baker*, 554 U.S. at 486 n.5. The court fully examined the evidence on summary judgment and declines to revisit the extensive ruling.

Plaintiff's motion on these claims is denied.

### d. Other issues

---

[4] The court further notes that it determined that Defendant would be entitled to summary judgment on claims in which summary judgment was granted under either standard set forth in *Babb*. (Doc. 270 at 15 n. 11.)

The remaining issues raised by Plaintiff were not fully briefed in his motion.  Therefore, they have been waived.  *See Sheward v. City of Henryetta*, 810 F. App'x 684, 685 (10th Cir. 2020) (discussing that a party waives an issue that has not been adequately briefed).

### IV.     Conclusion

Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) is DENIED.  (Doc 346.)  Plaintiff's motion to exceed the page limits (Doc. 348) is DENIED.

IT IS SO ORDERED.  Dated this 14th day of July 2023.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE